B. CHRISTINE PARK (#234689)
**JKLAWUSA, APC**
3435 Wilshire Blvd., Suite 400
Los Angeles, CA 90010
Tel.: (323) 578-6957
Facsimile: (213) 289-1977
Email: boksoonpark@gmail.com

Attorneys for Defendant EOS Australia Pty Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANERGY SOLUTIONS, INC. f/k/a ROLISI, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>EOS AUSTRALIA PTY LTD, an Australian corporation.<br><br>Defendant. | CASE NO. 5:23-CV-06228-EKL<br><br>**DEFENDANT EOS AUSTRALIA PTY. LTD.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Notice and Motion for Summary Judgment; Declarations of Patrick Cha, Norman Wee, and B. Christine Park, Esq. and attached exhibits]<br><br>**Date:        April 16, 2025**<br>**Time:        10:00am**<br>**Courtroom:    7, Honorable Eumi K. Lee** |

Defendant EOS Australia Pty Ltd. ("EOS" or "Defendant") hereby submits its Separate Statement of Undisputed Material Facts, together with references to supporting evidence, in support of its Motion for Summary Judgment on grounds that there is no triable issue of material fact as to Plaintiff's Quanergy Solutions, Inc.'s ("Plaintiff" or "Quanergy") claims against EOS pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**1**
**DEFENDANT EOS AUSTRALIA PTY. LTD.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
CASE NO. 5:23-CV-06228-EKL

| CLAIM OR DEFENSE | DEFENDANT EOS' UNDISPUTED FACTS & SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE & SUPPORTING EVIDENCE |
|---|---|---|
| | | |
| CLAIM 1: BREACH OF CONTRACT | | |
| ISSUE 1:  THE "MINIMUM VOLUME COMMITMENT" IN THE DISTRIBUTION AGREEMENT WAS A CONDITION FOR EOS TO MAINTAIN ITS APPOINTMENT AS A NONEXCLUSIVE DISTRIBUTOR OF PLAINTIFF'S PRODUCTS | FACT 1.  On or about March 15, 2022, Plaintiff's predecessor, Quanergy OldCo and EOS entered into a nonexclusive agreement for the distribution of Quanergy's LiDAR sensors and use license ("Distributor Agreement" or "Agreement").<br><br>Exhibit 1 to Declaration of B. Christine Park, Esq. ("Park Decl."), Quanergy Distributor Agreement. | |
| | FACT 2.  The Distributor Agreement states:  2.2 Obligations. Distributor's appointment as a Distributor is conditioned on Distributor meeting and complying with the following obligations throughout the Term: (a) Distributor must purchase a minimum number of Products during the Term (the "Minimum Volume Commitment") as set forth in Exhibit A . . . If Distributor fails to comply with any of the foregoing obligations, Quanergy shall be entitled to terminate this Agreement immediately upon written notice to Distributor.<br><br>Exhibit 1 to Park Decl. at Paragraph 2.2 | |
| | | |

**DEFENDANT EOS AUSTRALIA PTY LTD'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

CASE NO. 5:23-CV-06228-EKL

| ISSUE 2: TERMS OF THE DISTRIBUTION AGREEMENT LIMITS THE RELIEF SOUGHT BY PLAINTIFF | FACT 3.   The Distributor Agreement states: "Neither Quanergy nor Distributor shall, by reason of the termination of this Agreement, be liable to the other for compensation, reimbursement or damages on account of any loss of prospective profits or anticipated sales or on account of expenditures, investments, leases, or commitments made in connection with this Agreement or the anticipation of extended performance hereunder."<br><br>Exhibit 1 to Park Decl at Paragraph 8.3(b) | |
| | FACT 4:  During discussions about to the terms of the Distribution Agreement, EOS expressed their hesitation to commit to a minimum purchase of Plaintiff's Products. Marc Lamy, the salesperson at Quanergy OldCo responded to Norman Wee, Regional Manager at EOS that the Minimum Volume Commitment in the Distributor Agreement was to express the parties' sales target rather than a guaranteed purchase amount.<br><br>Declaration of Patrick Cha ("Cha Decl.") at Paragraphs 3 and 4; Declaration of Norman Wee ("Wee Decl.") at Paragraph 4. | |

**DEFENDANT EOS AUSTRALIA PTY LTD'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

CASE NO. 5:23-CV-06228-EKL

| | | |
|---|---|---|
| | FACT 5.  During discussions about the terms of the Distribution Agreement, Marc Lamy, the salesperson at Quanergy OldCo., stated to Patrick Cha, CEO of EOS and Norman Wee, Regional Manager at EOS that the contract could be terminated at any time without incurring any damages.<br><br>Cha Decl. at Paragraphs 3, 4, and 9; Wee Decl. at Paragraph 5. | |
| | FACT 6. Plaintiff seeks relief for "loss of prospective profits or anticipated sales" in its claims against EOS.<br><br>Exhibit 2 to Park Decl., Plaintiff's Complaint at ¶¶ 61, 71, 78, 80, 89, 96, Prayers for Relief A-G | |
| | | |
| ISSUE 3: EOS RESCINDED ITS OFFER BEFORE PLAINTIFF ACCEPTED EOS' PURCHASE ORDER PI-27275 | FACT 7.  The Distribution Agreement states: "Distributor shall purchase Products for resale by issuing a Purchase Order . . . Quanergy reserves the right to reject any orders at its sole discretion. Orders are not accepted, until Quanergy sends Distributor a written order of acceptance or actually delivers the ordered Products provided that delivery constitutes acceptance only to the extent Quanergy actually delivers the Products."<br><br>Exhibit 1 to Park Decl. at Paragraph 3.1 | |

**DEFENDANT EOS AUSTRALIA PTY LTD'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

CASE NO. 5:23-CV-06228-EKL

| | |
|---|---|
| FACT 8.  On September 30, 2022, EOS delivered to Quanergy OldCo purchase order No. PI-27275 (the "Purchase Order" or "PO") via email. This PO was for the purchase of 50 MQ-8 POE-Ultra sensors at a price of $299,598 and 50 perpetual software licenses for the sensors at a price of $117,300 for a total order of $416,898.<br><br>Exhibit 3 to Park Decl.; Ted Ahn Email of 9/30/2022 and Exhibit 4 to Park Decl. PO 27275. | |
| FACT 9.  Marc Lamy of Quanergy OldCo responded via email: "Received with thanks. We will issue a corresponding SO [Sales Order] which will require a signature due to the quantum….."<br><br>Exhibit 5 to Park Decl. | |
| FACT 10.  Plaintiff never sent a Sales Order accepting Purchase Order 27275 to EOS.<br><br>Cha Declaration Paragraph 5, 6; Exhibit 6 to Park Decl., Plaintiff's Responses to EOS' Request for Production of Documents Nos. 3-6. | |
| FACT 11.  Sales Order 105248, which was attached as Exhibit C to Plaintiff's Complaint is unsigned by neither Plaintiff, nor EOS.<br><br>Exhibit 2 to Park Decl, Plaintiff's Complaint, Exhibit C; Cha Decl. Paragraphs 5 and 6. | |
| FACT 12.  Sales Order 105248, which was attached as Exhibit C to Plaintiff's Complaint states under its "Terms and Conditions" No. 2: "Orders: Company reserves the right to reject any orders at its sole discretion . . . Orders are not accepted, until Company sends Purchaser a written order acceptance or actually delivers the ordered | |

5

**DEFENDANT EOS AUSTRALIA PTY LTD'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

CASE NO. 5:23-CV-06228-EKL

| | | |
|---|---|---|
| | Products provided that delivery constitutes acceptance only to the extent Company actually delivers."<br><br>Exhibit 2 to Park Decl, Plaintiff's Complaint, Exhibit C | |
| | FACT 13.  On January 16, 2023, EOS emailed Marc Lamy of Quanergy OldCo, and cancelled Purchase Order 27275.<br><br>Exhibit 7 to Park Decl. | |
| | | |
| ISSUE 4:  THE DISTRIBUTION AGREEMENT IS UNCONSCIONABLE | FACT 14.  Distributor Agreement was a nonexclusive agreement in which EOS was required to sign without the opportunity to negotiate any terms if EOS wanted to distribute and resell Plaintiff's Products.<br><br>Cha Decl. Paragraph 8. | |
| | FACT 15.   The Distributor Agreement gives unilateral, one-sided benefits to Plaintiff.<br><br>Exhibit 1 to Park Decl. at Paragraphs 2.2, 2.4., 2.7, 3.5, 4.3, 8.2, 13.1, 15.7, 15.8. | |
| | | |
| CLAIM 2:  INTENTIONAL MISREPRESENTATION | | |
| | | |
| ISSUE 1:  PLAINTIFF'S CLAIM FOR INTENTIONAL MISREPRESENTATION IS BARRED BY THE ECONOMIC LOSS RULE | FACT 16:  Plaintiff's claim for intentional misrepresentation arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Decl., Plaintiff's Complaint at Paragraphs 81-89. | |
| | | |
| | | |

6
**DEFENDANT EOS AUSTRALIA PTY LTD'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| CLAIM 3: NEGLIGENT MISREPRESENTATION | | |
|---|---|---|
| ISSUE 1: PLAINTIFF'S CLAIM FOR NEGLIGENT MISREPRESENTATION IS BARRED BY THE ECONOMIC LOSS RULE | FACT 17: Plaintiff's claim for negligent misrepresentation arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Decl., Plaintiff's Complaint at Paragraphs 91-96. | |
| CLAIM 4: UNFAIR COMPETITION LAW | | |
| ISSUE 1: PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER THE UCL | FACT 18: Plaintiff's claim under the California Unfair Competition Law arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Decl., Plaintiff's Complaint at Paragraphs 97-102. | |
| CLAIM 5: UNJUST ENRICHMENT | | |
| ISSUE 1: PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER UNJUST ENRICHMENT | FACT 19: Plaintiff's claim under unjust enrichment arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Decl., Plaintiff's Complaint at Paragraphs 103-111. | |

I, B. Christine Park, the counsel for Defendant EOS Australia Pty, Ltd., attest that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated: January 24, 2025                          **JKLAWUSA, APC**

                                                By: _____
                                                   B. Christine Park
                                                   Attorneys for Defendant EOS Australia Pty Ltd.

**DEFENDANT EOS AUSTRALIA PTY LTD'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
CASE NO. 5:23-CV-06228-EKL