B. CHRISTINE PARK (#234689)
**JKLAWUSA, APC**
3435 Wilshire Blvd., Suite 400
Los Angeles, CA 90010
Tel.: (323) 578-6957
Facsimile: (213) 289-1977
Email: boksoonpark@gmail.com

Attorneys for Defendant EOS
AUSTRALIA PTY LTD.

UNITED DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

| | |
|---|---|
| QUANERGY SOLUTIONS, INC. f/k/a Rolisi, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>EOS AUSTRALIA PTY, LTD.<br><br>Defendant. | Case No. 5:23-cv-06228-EKL-SVK<br><br>Assigned to Judge Eumi K. Lee<br>Magistrate Judge: Susan Van Keulen (for Discovery Dispute)<br><br>**JOINT STATEMENT RE: DISCOVERY DISPUTE ON PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Fact Discovery Cutoff: February 3, 2025 (0 days Left)<br>Trial Date: August 18, 2025 (199 days left) |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant EOS AUSTRALIA PTY, LTD. ("EOS"), hereby submit, by its attorneys, this Statement re: Discovery Dispute on Plaintiff, Quanergy Solutions, Inc.'s ("Quanergy" or "Plaintiff") refusal to produce documents in response to EOS' Request for Production of Documents, Set 1.

**I.     BRIEF SUMMARY OF FACTS**

Plaintiff's predecessor and non-party Quanergy Systems, Inc. ("Quanergy OldCo" or "Quanergy") was a manufacturer of LiDAR sensors and related technical support ("Products"). EOS's main business is the sale and distribution of CCTV and other security products.  In 2022, EOS wished to explore a possible sale of LiDAR products. On or about March 15, 2022, Quanergy OldCo and EOS entered into an agreement for the distribution of Quanergy's LiDAR sensors and use license ("Products") ("Agreement").  Pursuant to the Agreement, Quanergy OldCo appointed EOS as its non-exclusive distributor and reseller of Quanergy's Products in Australia and New Zealand for a term of

three (3) years, and agreed to a target sales of $800,000 during the 3 year term. However, Marc Lamy, the sales representative of Quanergy OldCo, agreed to EOS that the Agreement can be terminated any time without EOS incurring any damages.

Plaintiff alleges that EOS failed to follow through approximately $416,000 worth of purchase of Products. However, Quanergy OldCo never accepted nor confirmed EOS' purchase order in writing, as required by the Agreement. It never sent a confirmed Sales Order ("SO") to EOS.

On December 12, 2022, Quanergy OldCo filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. According to Plaintiff, on or about February 1, 2023, the Bankruptcy Court approved the sale of substantially all of the assets of Quanergy OldCo to Plaintiff. A few weeks after Quanergy OldCo.'s BK filing, the company was deregistered from NASDAQ.  Months later, their shares were traded again on NASDAQ after being acquired by the same owner, only to be deregistered once more shortly after. Each time the company was deregistered from NASDAQ, there were widespread claims within the industry, including from EOS' customers who showed interest in their products, that the company could not produce any LiDAR products due to a lack of cash flow. In sum, EOS concluded that Quanergy OldCo was no longer capable of manufacturing LiDAR products.

Also, around the same time, EOS learned that Quanergy OldCo. had infringed Velodyne's patents on the Products, and ultimately lost the lawsuit, and was responsible for the payment of approximately $3 million settlement sum to Velodyne as of November 2022. Quanergy also agreed to pay royalties to Velondyne on some of the patents. Quanergy filed bankruptcy in December 2022.

Seeing that Quanergy Old Co. was no longer able to stay in business and fill any sensor orders or provide software, upgrades and technical support, on January 16, 2023, EOS Withdrew its Offer to Purchase Products. Therefore, there is no binding agreement (referred to as "Sales Order" by Quanergy) to purchase any Products from Quanergy. EOS also alleges that on that day it terminated the Distribution Agreement due to Quanergy OldCo.'s bankruptcy filing, inability to manufacture products and provide technical support, and Quanergy OldCo.'s intentional misrepresentation re: its patent infringement of Velodyne's LiDAR sensors. EOS alleges that due to Quanergy OldCo's financial and business instability and its fraudulent misrepresentation in regard to its patent right to the

LiDAR sensors, EOS had to terminate the Distribution Agreement.

**A.    PURSUANT TO THE DISTRIBUTION AGREEMENT, NEITHER PARTY IS ENTITLED TO ANY LOSS OF PROSPECTIVE PROFITS OR ANTICIPATED SALES OR EXPENDITURES.**

**Plaintiff's claim for damages only pertain to its loss of profits**. In the event of a termination by either Party, neither party shall be liable for loss of prospective profits or expenditures. Distribution Agreement section 8.3, Effect of Termination states:

> (b) …. Neither Quanergy nor Distributor shall, by reason of the termination of this Agreement, be liable to the other for compensation, reimbursement or damages on account of any loss of prospective profits or anticipated sales or on account of expenditures, investments, leases, or commitments made in connection with this Agreement or the anticipation of extended performance hereunder. (Emphasis added.)

Plaintiff sues EOS for loss from anticipated sale of $800,000 worth of products and EOS's failure to promote and market Plaintiff's products. However, pursuant to section 8.3, Quanergy has no right to recover for any damages related to loss of profits.

**II.    SUMMARY OF PLAINTIFF'S DEFICIENT RESPONSES TO EOS' REQUEST FOR PRODUCTION OF DOCUEMNTS**

This Statement pertains to Plaintiff's refusal to produce documents in response to EOS' RFPD, Set One. (See **Exhibit A**, Joint Discovery Dispute Chart re: EOS' RFPD, Set 1.)

**A. PLAINTIFF REFUSES TO PRODUCE DOCUMENTS IN RESPONSE TO EOS' RFPD, SET ONE, BASED ON RELEVANCY.**

EOS propounded a total of 62 RFPD's. (See **Exhibit B,** Plaintiff's Responses to EOS' RFPD, Set 1.) Plaintiff made objections only and no responses to many of the RFPD's on the grounds of relevancy for this lawsuit.

**(1) RFPD's pertaining to Velodyne Lawsuit against Plaintiff for Patent Infringement**

RFPD Nos. Nos. 7-13 & 26-28 pertain to whether Quanergy notified its distributors, including EOS, re: Velodyne's lawsuit against Quanergy OldCo. for patent infringement on the LiDAR sensors, and the outcome of the lawsuit. (Plaintiff's Responses to EOS' RFPD Nos. 7-13 & 26-28, **Exhibit B**.)

One of EOS defense is that when Quanergy entered into the Distribution Agreement with EOS,

Quanergy misrepresented in regard to its right to manufacture and sell the sensors, when in fact, it was **found to be in violation of Velodyne's patents on some of the core technologies on the sensors**. This is fraud and a valid ground for rescission or termination of the Distribution Agreement. Plaintiff also failed to notify EOS in regard to the lawsuit and the final settlement and the consequential financial strain on the company. This ultimately led to Quanergy's bankruptcy filing and EOS' termination of the Distribution Agreement.

These documents are relevant as to whether Quanergy committed misrepresentation to its distributors, including EOS, when Quanergy entered into the Distribution Agreement with EOS, whether EOS breached the Distribution Agreement, and whether the Distribution Agreement is enforceable or whether it should be rescinded.

**(2) RFPD's Pertaining to Communications within Quanergy old company and new company re: Defendant EOS.**

RFPD No. 14 requests production of internal communications in regard to EOS. Quanergy's communications within the company in regard to Defendant EOS is relevant and material to EOS' defense of the case. After meet and confer, EOS narrowed down the request to:

1) Distribution Agreement, purchase orders, Sales Order, Amazon, lawsuit (other than atty client communication -- but need to provide privilege log), termination or cancellation of purchase order, sales order, or distribution agreement.
2) Damages -- lost profits, unused parts or raw materials, financial loss
3) Velodyne lawsuit -- notification re: lawsuit, settlement
4) Quanergy's Capability to manufacture sensors pursuant to EOS's purchase orders.

Plaintiff has not produced any documents responsive to this RFPD.

**(3) All documents, including communications, related to AWS. Both internal communications and communications with AWS.**

RFPD Nos. 59-60 request documents related to Amazon Web Services ("AWS"). EOS' allegation is that Quangery got EOS interested in its products because Quangery represented to EOS that Quanergy already had AWS' agreement to purchase Quanergy's products throughout the US and other regions, including Australia, and that EOS would be able to sell to AWS in Australia. EOS needs to discover why AWS decided to break the business deal to purchase Quanergy sensors. Was it

because of Quanergy's infringement of Velodyne's patent, Quanergy's filing of bankruptcy, Quanergy's drastic stock price drop, Quanergy's financial crisis, or other reasons. AWS' decision not to purchase the Products was significant and influenced EOS' decision to cancel the Production Order.

Plaintiff agreed to produce communications related to AWS' business in Australia, but not in regard to other regions, including the USA. However, the purchase agreement between AWS and Quanergy was a general agreement and was not region specific. Therefore, Plaintiff's agreement to search just Australia related documents is too narrow and yielded only a few emails.

### (4) Sales Orders with Distributors

RFPD No. 29 pertains to Quanergy's Sales Orders. Quanergy's Sales Order with other distributors are relevant and material to EOS' defense. EOS offered to purchase 416k worth of sensors but Quanergy never accepted this offer through a Sales Order. Distributor Agreement states that all purchase orders are not final until Quanergy confirms in writing through its own Sales Order. Therefore, EOS needs to examine Sales Order with other distributors and whether that practice was indeed followed. EOS also needs to examine whether Quanergy Old Company failed to send the Sales Order to accept the 416k Purchase Order because of its state of financial crisis and the ensuant bankruptcy filing in December 2022.

### (5) RFPD's Pertaining to Quanergy Old Co. and Quanergy Solutions, Inc.'s Capability to Operate Business and Manufacture Sensors and Provide the needed software, upgrades and technical support.

RFPD Nos. 30-32, 35-38, and 50-58 pertain to EOS' request to produce documents in regard to Quanergy's capability to manufacture sensors before and after Quanergy OldCo.'s bankruptcy filing, including present. (See Plaintiff's Responses to EOS' RFPD Nos. 30-32, 35-38, and 50-58, **Exhibit B**.) They also pertain to the financial impact of Velodyne's lawsuit, stock price crash, delisting, the eventual settlement agreement to pay Velodyne, and Quanergy's bankruptcy filing. These requests are relevant factors in assessing whether Quanergy was/is able to perform under the Distribution Agreement. These requests also pertain to whether Plaintiff breached the Distribution Agreement first, and whether EOS had a valid reason to terminate the Distribution Agreement.

This discovery request also pertains to Plaintiff's alleged damages – **which are loss of profits**

**only**. If Plaintiff did not/does not have the capability to manufacture sensors (in the past and present), then Plaintiff has not suffered any lost profits.

(6) **Quanergy's sale of LiDAR sensors and the alleged loss of profits.**

RFPD Nos. No. 15, 17-19, 39-41 & 33-34 pertain to Quanergy's sale of sensors and the alleged loss of profits. These documents are relevant and material to EOS' assessment of damages alleged by Plaintiff, including loss of profits due to EOS' failure to order Quanergy sensors, EOS' marketing and promotion of other manufacturer's sensors, and EOS' failure to market and promote Products.

**(7) Documents relating to the causes of Quanergy's bankruptcy filing.**

RFPD Nos. 22 and 22 related to causes of Quanergy's bankruptcy filing. Quanergy's bankruptcy filing led EOS to believe that Quanergy was no longer capable of manufacturing and supplying the sensors. EOS learned that Quangery's bankruptcy filing was caused by its loss of Velodyne's patent infringement lawsuit and the withdrawal of Russian billionaire Usamanov's funding.

Plaintiff refuses to produce documents in response to the above noted RFPD's on the grounds that these requests are irrelevant to this lawsuit. **The parties engaged in numerous meet and confer efforts through emails and videoconferences on January 12, 14, and 29, 2025**. The parties agree to disagree and this discovery dispute cannot be resolved without this court's intervention. EOS requests that this Court order Plaintiff to answer all of the above RFPD's, within 5 days.

<u>**PLAINTIFF, QUANERGY SOLUTIONS, INC.'S STATEMENT**</u>

**(1)     Discovery Related to Terminated Quanergy-Velodyne IP Litigation**

Plaintiff's objections to RFP No. 7-13 and 26-28 should be sustained. **<u>First</u>**, EOS pleads no affirmative defense related to a claim of actual or threatened patent infringement over the products. *See,* Dkt. 18 at pg. 52-56. **<u>Second,</u>** no court anywhere ever made a finding of infringement, ordered OldCo to pay damages, or enjoined OldCo from selling products. **<u>Third,</u>** what EOS calls the "Velodyne Claim" is a reported decision. *See Quanergy Sys., Inc. v. Velodyne Lidar USA, Inc.*, 24 F.4th 1406 (Fed. Cir. 2022) ("the IPR Case").  The IPR Case does not involve *any* finding of infringement let alone infringement on products that Defendant agreed to purchase.  Rather, the IPR Case was a challenge filed

JOINT STATEMENT RE: DISCOVERY DISPUTE ON PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST
FOR PRODUCTION OF DOCUMENTS                                    CASE NO. 5:23-CV-06228-EKL-SVK

by *Quanergy* to one Velodyne patent (the "558 Patent") on grounds of invalidity and obviousness. In fact, the word "infringement" does not even appear in the decision. There is no evidence that Quanergy ever "lost" any patent lawsuit, was ordered to pay any damages for infringement, or enjoined from selling any products. **Fourth**, discovery into OldCo's IP litigation with Velodyne is irrelevant and not proportional to the needs of this case. The outcome in the IPR Case bears no relationship to the parties' contractual obligations under the Distributor Agreement. The Distributor Agreement contains no representations or warranties related to pending or threatened litigation. *See* Dkt. 1-1. Defendant's Rule 30(b)(6) designee admitted that no one ever sued or threatened to sue Defendant for selling Plaintiff's products. Plus, as a matter of law, a dispute over a U.S. patent has no extraterritorial reach or effect on sales in Australia. *Voda v. Cordis Corp.*, 476 F.3d 887, 901 (Fed. Cir. 2007) (relying on *Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*, 235 U.S. 641, 650 (1915) (power of a U.S. Patent is confined to the U.S.).

**Fifth**, a request for litigation materials related to the IPR Case is plainly irrelevant and disproportional. Even if some duty to disclose the IPR Case could be discerned from the contract or applicable law (Defendant cites none), Quanergy OldCo – then a public company –*made these disclosures*. Pre-motion, Plaintiff directed Defendant to OldCo's SEC filings which stated:

> **We are currently involved in patent litigation proceedings with Velodyne in the Northern District of California and an appeal from the Patent Trial and Appeal Board at the U.S. Patent and Trademark Office.**

> In August 2016, Velodyne alleged patent infringement and threatened litigation against us. In response, we filed a complaint in the Northern District of California seeking a declaratory judgment of non-infringement of Velodyne's patent. Velodyne filed its answer and counterclaim for infringement of its patent and we filed our answer on January 16, 2017. In October 2017, the court issued a claim construction order construing eight terms in Velodyne's patent. In November 2017, we filed two petitions for inter partes review ("IPR") before the Patent Trial and Appeal Board at the U.S. Patent and Trademark Office ("PTAB"), asserting that all asserted claims of Velodyne's patent are invalid over prior art. In January 2018, the court granted a stipulation filed by the parties, staying the district court litigation until the patent office decided whether to grant or deny our pending petitions. In March 2018, Velodyne filed its responses to both of the Company's petitions. In May 2018, the PTAB instituted both IPRs on all petitioned claim sand issued Final Written Decisions finding all petitioned claims are not invalid. We petitioned for rehearing in June 2019, which the PTAB denied in May 2020, Quanergy filed an appeal to the Court of Appeals for the Federal Circuit ("CAFC") for each IPR (consolidated as docket no.CAFC-20-2070). Oral argument was held on July 7, 2021. We are currently awaiting a decision from the CAFC. Nevertheless, this litigation, as with

any other litigation, is subject to uncertainty and an unfavorable outcome may result in a material adverse impact on our business, results of operations, financial position, and overall trends.

Quanergy OldCo also publicly disclosed the settlement of IPR Case and all other disputes with Velodyne in November 2022, prior to the Chapter 11 bankruptcy filing. *See* EX-10.1 (Last accessed Feb. 2, 2025). The IPR Case was handled by Cooley LLP who was also Quanergy OldCo's bankruptcy counsel in the Chapter 11 proceedings. Plaintiff was not a party to the IPR Case or the settlement with Velodyne. Plaintiff did not purchase Cooley's litigation files in the 363 Sale. All documents filed in the IPR Case are public via PACER.  Similarly, all disclosures made about the IPR case are public via EDGAR. Defendant does not need Quanergy OldCo or Cooley's litigation files to argue that these disclosures are irrelevant (to the extent that this is even a real issue).

**(2)    RFPDs Pertaining to Communications within Quanergy OldCo and NewCo re: EOS.**

Plaintiff's objection to RFP No. 14 is proper. *See Anokiwave, Inc. v. Rebeiz*, No. 318CV00629JLSMDD, 2019 WL 3935817, at *8 (S.D. Cal. Aug. 20, 2019) (finding that an objection to unrelated technical information is overbroad and therefore appropriate). The parties' technical teams had extensive communications regarding software, hardware, and other purely technical matters, none of which are at issue. Plaintiff objected to the review, collection and production of these technical emails, which are in the hundreds. Except for these technical emails, Plaintiff searched for and produced all emails regarding the Quanergy-EOS Distributor Agreement, its negotiation and performance.  Plaintiff's production is thorough and proportional.

**(3-4)    Documents related to AWS and Sales Orders with other Distributors.**

As a distributor, Defendant aspired to sell security products and services to Amazon Web Services Australia ("AWS").  On October 27, 2022, AWS placed its decision to purchase on hold.  EOS' RFP Nos. 59 and 60 seek external and internal emails regarding AWS.  Plaintiff diligently searched and produced all emails regarding the AWS Australia project.  On January 29, 2025, Defendant advised, for the first time, that it was seeking all emails and documents between Plaintiff and Amazon *unrelated* to

the Australian project involving EOS. Plaintiff's other relationships with Amazon outside of Australia and EOS are (i) not sought by the actual language of the discovery request; and (ii) are non-discoverable for the reasons set forth in the objection. *See American LegalNet, Inc. v. Davis*, 673 F.Supp. 2d 1063, 1069 (C.D.Cal.2009) ("Overbroad discovery requests are uniformly denied. Where the requests involve information which bears no relationship to the subject matter of the complaint, courts appropriately deny enforcement.")  The same is true for RFP No. 29 which seeks *every* sales order placed by Plaintiff's other distributors outside of Australia. *See Id*.

**(5)     RFPDs Re: Quanergy's Financial Condition and Ability to Operate.**

Plaintiff's objections to RFP Nos. 30-32 (seeking all records regarding manufacturing capability) and RFP Nos. 50-58 (seeking all records regarding technology upgrades and global sales) are proper. Plaintiff's ability, *vel non*, to manufacture and deliver products is not an affirmative defense raised by in Defendant's Answer. ECF No. 18 at pg. 52-56.  Rather, this case is based on Defendant's refusal *to accept delivery* of goods. ECF No. at ¶ 36**.**  Furthermore, for "all" manufacturing and production records regarding thousands of sensors sold over the last three (3) years (when Defendant's order was for just 50 sensors) is irrelevant and disproportional. Similarly, evidence of every product upgrade in the last 3 years and information about Plaintiff's global sales and distribution (outside Australia), are overbroad and disproportionate to the needs of this case. *See Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-EMC, 2022 WL 1592152, at *2 (N.D. Cal. May 19, 2022) (denying motion to compel discovery of global sales data where movant failed to show need for such data.)  Still, Plaintiff produced records of (i) finished goods on hand when Defendant reneged (Jan. 2023), (ii) raw materials and work in progress (as of Jan. 2023); (iii) inventory reports for Quanergy OldCo as of Dec. 12, 2022, the Ch. 11 filing date, (iv) invoices and deliveries of sensors the day after Plaintiff purchased Quanergy OldCo's assets; (v) and reports showing all sensors shipped from 2021 through 2024.

**(6)     Quanergy's sale of LiDAR sensors and the alleged loss of profits.**

Plaintiff's objections to RFP Nos. 15, 17-19, 39-41 and 33-34 (seeking all evidence of damages and evidence of Plaintiff's (and Quanergy OldCo's) global sales) are proper. Defendant misapprehends the term "lost profits". Plaintiff seeks its direct damages for Defendant's breach of the Minimum Volume Supply Commitment identified in the Distributor Agreement and breach of the covenant to not promote competing technology. Defendant produced evidence of its costs of goods sold and forecasts and reports form Defendant about specific opportunities opened during the parties' relationship. A request for "all documents" related to Plaintiff's (or Quanergy OldCo's) LiDAR sales from 2022 through 2024 is overbroad and disproportional to the needs of this case. *See Online Guru, Inc. v. Cartagz Inc.*, No. 217CV01121TLNGGH, 2018 WL 1911819, at *4 (E.D. Cal. Apr. 23, 2018) (collecting cases).

**(7)      Documents relating to the causes of Quanergy's bankruptcy filing.**

Plaintiff's objections to RFP 22 and 23 which seeks "all documents" relating to the cause of Quanergy OldCo's bankruptcy filing and its financial condition on the petition date are proper. Why OldCo filed for Chapter 11 protection is irrelevant. Regardless, Plaintiff is not Quanergy OldCo. Plaintiff purchased Quanergy OldCo's assets in the 363 Sale. Plaintiff does not possess Quanergy OldCo's financial statements. Quanergy OldCo was represented by Cooley LLP and a team of financial professionals.  However, Plaintiff downloaded (from PACER and EDGAR) and sent to Defendant (i) affidavits filed by Quanergy OldCo's financial professionals (Raymond James) and its Chief Restructuring Officer detailing the economic conditions that led to the Ch. 11 filing; (ii) Quanergy OldCo's audited financials for 2022 and 2023; (iii) statements of financial affairs, assets and liabilities as of the Ch. 11 petition date; and (iv) monthly operating reports for every month up to the 363 sale. Plaintiff has gone beyond what is required by the Federal Rules. Defendant is not entitled to more.

JOINT STATEMENT RE: DISCOVERY DISPUTE ON PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST
FOR PRODUCTION OF DOCUMENTS                    CASE NO. 5:23-CV-06228-EKL-SVK

Dated:  February 3, 2025.          Respectfully Submitted,

JKLAWUSA, APC


            /S/ B. Christine Park
By _____
    B. CHRISTINE PARK
    Attorneys for Defendant EOS Australia Pty Ltd


Dated:  February 3, 2025.          Respectfully Submitted,

FOX ROTHSCHILD LLP

    /s/ Ely Goldin

By _____
    ELY GOLDIN
    JACK PRAETZELLIS
    CHRISTIN KIM
    Attorneys for Plaintiff Quanergy Solutions, Inc.

# EXHIBIT A

Case 5:23-cv-06228-NW    Document 60    Filed 02/03/25    Page 13 of 56

| EOS REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET 1 | | | |
|---|---|---|---|
| | | | |
| **Disputed EOS' Discovery Requests** | **Plaintiff's Response** | **Parties' Proposed Compromise** | **Court's Order** |
| **RFPD Nos. 7-13 & 26-28 pertaining to Quanergy's Infringement of Velodyne Patents and the Velodyne Lawsuit against Quanergy, Subsequent Settlement, which included approximately $3 million settlement payment and agreement to pay royalties, and Quanergy's Bankruptcy Filing.**<br><br>**REQUEST FOR PRODUCTION NO. 7:** ALL DOCUMENTS RELATING TO when YOU first learned about Velodyne's Claim against YOU.<br><br>**REQUEST FOR PRODUCTION NO. 8:** ALL DOCUMENTS RELATING TO YOUR effort to notify YOUR distributors, including EOS, IN REGARD TO Velodyne's Lawsuit against YOU.<br><br>**REQUEST FOR PRODUCTION NO. 9:** ALL DOCUMENTS RELATING TO YOUR effort to notify YOUR distributors, | **Plaintiff Responses to RFPD Nos. 7-13; and 26-28:**<br><br>Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.<br><br>**Pl refuses to produce any documents and will stand by its objections.** | **EOS: EOS is willing to limit the discovery to 2021-2024.**<br><br>These documents are relevant as to whether Quanergy committed misrepresentation to its distributors, including EOS, when Quanergy entered into the Distribution Agreement with EOS, whether EOS breached the Distribution Agreement, and whether the Distribution Agreement is enforceable or whether it should be rescinded.<br><br>**Quanergy:** With regard to **RFP 7-13** and **26-28,** Plaintiff did not purchase or acquire Quanergy OldCo's litigation files regarding its terminated litigation with Velodyne, a competitor.  As a compromise, Plaintiff downloaded from EDGAR and produced to Defendant public | |

167713887.1

| | | |
|---|---|---|
| including EOS, IN REGARD TO the federal circuit court's ruling on Velodyne's Lawsuit against YOU.<br><br>**REQUEST FOR PRODUCTION NO. 10:** ALL DOCUMENTS RELATING TO YOUR effort to notify YOUR distributors, including EOS, IN REGARD TO the U.S. Patent Trial and Appeals Board's decision on Velodyne's Claim against YOU.<br><br>**REQUEST FOR PRODUCTION NO. 11:** ALL DOCUMENTS RELATING TO COMMUNICATIONS within Quanergy OldCo. IN REGARD TO notifying or disclosing to distributors about Velodyne's Lawsuit.<br><br>**REQUEST FOR PRODUCTION NO. 12:** ALL DOCUMENTS RELATING TO Quanergy OldCo.'s disclosure to distributors about Velodyne's Claim.<br><br>**REQUEST FOR PRODUCTION NO. 13:** ALL DOCUMENTS RELATING TO Quanergy OldCo.'s decision not to disclose about Velodyne's Claim or Velodyne's Lawsuit to its distributors, including EOS.<br><br>**REQUEST FOR PRODUCTION NO. 26:** ALL DOCUMENTS RELATING TO YOUR ability to pay Velodyne the settlement amount Quanergy OldCo. agreed | | disclosures regarding legal proceedings between QuanergyOldCo-Velodyne. Those disclosures reflect that (i) in August 2016, Quanergy OldCo sued Velodyne, not the other way around; (ii) Quanergy's case against Velodyne was stayed pending IPR proceedings; (iii) IPR proceedings commenced in November 2017 and (iv) that the litigation and IPR proceedings were resolved by settlement reached in November 2022. There is a reference in the chart (but not in the Joint Statement) to a privilege log. Plaintiff produced a privilege log. |

167713887.1

| | | | |
|---|---|---|---|
| to pay pursuant to Quanergy OldCo.'s settlement agreement with Velodyne.<br><br>**REQUEST FOR PRODUCTION NO. 27:**<br>ALL DOCUMENTS showing the amount YOU paid to Velodyne pursuant to the settlement agreement between Quanergy OldCo. and Velodyne.<br><br>**REQUEST FOR PRODUCTION NO. 28:**<br>ALL DOCUMENTS showing the amount YOU still owe to Velodyne pursuant to the settlement agreement between Quanergy OldCo. and Velodyne. | | | |
| **Communications within Quanergy old company and new company re: Defendant EOS.**<br><br>**REQUEST FOR PRODUCTION NO. 14:**<br>ALL DOCUMENTS RELATING TO COMMUNICATIONS within YOUR company IN REGARD TO EOS. | **Plaintiff's Response:**<br><br>Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings. | **EOS:**<br><br>**After meet and confer, EOS narrowed down the request to:**<br><br>1) Distribution Agreement, purchase orders, Sales Order, Amazon, lawsuit (other than atty client communication -- but need to provide privilege log), termination or cancellation of purchase order, sales order, or distribution agreement.<br><br>2) Damages -- lost profits, unused parts or raw materials, financial loss | |

167713887.1

| | | |
|---|---|---|
| | | 3) Velodyne lawsuit -- notification re: lawsuit, settlement<br><br>4) Quanergy's Capability to manufacture sensors pursuant to EOS's purchase orders.<br><br>**But, Plaintiff has not produced any documents responsive to this RFPD.**<br><br>EOS requests that Plaintiff provide responsive documents within 5 days.<br><br>**Quanergy:** With regard to RFP No. 14, Defendant's "compromise" seeks documents beyond the actual language of the request. As a compromise, Plaintiff produced all external and internal emails regarding or related to the negotiation of the Distributor Agreement, the performance of obligations under the Distributor Agreement, the attempted (and ineffective) cancellation and the post-notification efforts to deliver goods. Plaintiff has not produced purely technical emails between the party's system engineers, designer and other technical professionals (which cover a two-year span). | |

167713887.1

| | | | |
|---|---|---|---|
| **RFPD No. 16**<br><br>**REQUEST FOR PRODUCTION NO. 16:** ALL DOCUMENTS RELATING TO YOUR damages that are not excluded pursuant to section 8.3(b) of the Distribution Agreement. | **Plaintiff's response to RFPD No. 16:** Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings. Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues. | **EOS:**<br><br>Plaintiff agreed to amend the response or produce responsive documents by 1/17/2025, but has not amended nor produced documents.<br><br>**Quanergy:** With regard to RFP No. 16, it is Plaintiff's position that Section 8.3(b) is inapplicable because the Distributor Agreement was never terminated.  In other words, none of Plaintiff's damages are excluded and Plaintiff produced documents related to its damage claims including the cost of manufacturing products that Defendant agreed to (but failed to) purchase. | |
| **All documents, including communications, related to AWS. Both internal communications and communications with AWS.**<br> RFPD Nos. 59-60):<br><br>**REQUEST FOR PRODUCTION NO. 59:** | **Plaintiff's responses to RFPD Nos. 59-60:** Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects | **EOS:**<br><br>Plaintiff agreed to produce communications related to AWS' business in Australia and New Zealand, but not in regard to other regions, including the USA. **However, the purchase agreement** | |

167713887.1

| | | |
|---|---|---|
| ALL DOCUMENTS RELATING TO YOUR internal COMMUNICATIONS REGARDING the LiDAR Sensors and Amazon Web Services (AWS) Project.<br><br>**REQUEST FOR PRODUCTION NO. 60:** ALL DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Amazon Web Services (AWS) REGARDING LiDAR Sensors. | to this request to the extent that it seeks confidential, proprietary, or trade-secret information. | **between AWS and Quanergy was a general agreement and was not region specific. Therefore, Plaintiff's agreement to search just Australia related documents is too narrow and yielded to only a few emails.**<br><br>Plaintiff needs to produce communications re: all regions as Quanergy's business deal was made in regard to all regions, and not specific to one region.<br><br>AWS documents are relevant because EOS entered into the Distribution Agreement based on Quanergy's representation that Quanergy already has a general business agreement with AWS and EOS can sell to AWS in Australia.<br><br>**Quanergy:** Defendant's RFP 59-60 makes reference to an "Amazon Web Services (AWS) Project", an opportunity for Defendant to sell products and services to Amazon Australia. Plaintiff produced all internal and external emails related to this project and provided Defendant with a list of relevant Bates numbers. Defendant's construction of the words AWS |

167713887.1

| | | Project (an undefined term) to mean all of Plaintiff or Quanergy OldCo's business with Amazon worldwide is unreasonable, overbroad and disproportional to the needs of this case. | |
|---|---|---|---|
| **Sales Orders with Distributors**<br><br>**REQUEST FOR PRODUCTION NO. 29:** ALL DOCUMENTS RELATING TO ALL of YOUR Sales Order with ANY and ALL of YOUR distributors between 2022 through present, inclusive. | Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information. | **EOS:**<br><br>**EOS is willing to narrow down the time scope to 2022-2024.** EOS offered to purchase 416k worth of sensors but Quanergy never accepted this offer through a Sales Order. Distributor Agreement states that all purchase orders are not final until Quanergy confirms in writing through its own Sales Order. Therefore, EOS needs to examine Sales Order with other distributors and whether that practice was indeed followed. EOS also needs to examine whether Quanergy Old Company failed to send the Sales Order to accept the 416k Purchase Order because of its state of financial crisis and the ensuant bankruptcy filing in December 2022. | |

167713887.1

| | | | |
|---|---|---|---|
| | | **Quanergy:** With respect to RFP 29, the existence, *vel non*, of a contract (including whether there was a valid offer and acceptance) is a question of law for the court, not a question of fact that requires discovery. Evidence of Plaintiff's global sales or how every single purchase that Plaintiff ever made through every other distributor is irrelevant to whether a valid contract existed between the parties to this case and is entirely overbroad and disproportionate to the needs of this case.  As a compromise, and to illustrate Plaintiff's ability to perform (although not an issue in this case), Plaintiff produced a purchase order (No. 051-188802-143) with Anixter, a distributor that sold 63 of Plaintiff's sensors to Meta (*i.e.* Facebook) on February 6, 2023, the next business day after Plaintiff purchased Quanergy OldCo's assets. Plaintiff also produced (i) reports of all sensors shipped between 2020-2022; (ii) reports with finished goods, components and raw materials levels as of January 2023, when Quanergy OldCo filed for Ch. 11 protection; (iii) monthly operating reports showing inventory levels and income from sensor sales | |

167713887.1

| | | in December 2022, January 2023, and February 2023, the three (3) months while Quanergy OldCo operated as a Debtor in possession; and (iv) reports of sensors sold and shipped by Plaintiff since purchasing Quanergy OldCo's assets. | |
|---|---|---|---|
| | | | |
| **Quanergy's Capability to manufacture sensors post-bankruptcy filing, and provide the needed software, upgrades and technical support.**<br><br>**REQUEST FOR PRODUCTION NO. 30:** ALL DOCUMENTS RELATING TO YOUR capability to manufacture of LiDAR sensors between 2023 and present, inclusive.<br><br>**REQUEST FOR PRODUCTION NO. 31:** ALL DOCUMENTS RELATING TO YOUR manufacture of LiDAR sensors between 2022 and present, inclusive.<br><br>**REQUEST FOR PRODUCTION NO. 32:** ALL DOCUMENTS RELATING TO the quantity of LiDAR sensors YOU manufactured between 2022 through present, inclusive.<br><br>**REQUEST FOR PRODUCTION NO. 35:** | Nos. 30-32; 35-38; 50-58: Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information. | **EOS:**<br><br>**EOS is willing to limit the time scope to 2022 – 2024.** These documents are relevant and material to EOS' defense that Quanergy did not have the capability to manufacture sensors in late 2022 through 2023. Also, Plaintiff alleges loss of profits due to EOS' cancellation of purchase order and termination of Distribution Agreement. However, if Quanergy was not capable of manufacturing and supplying the sensors, then it cannot claim loss of profits.<br><br>**Quanergy:** With respect to **RFP 20-32** and **35-38**, the existence, *vel non*, of a contract (including whether there was a valid offer and acceptance) is a question of law for the court, not a question of fact that | |

167713887.1

| | | | |
|---|---|---|---|
| ALL DOCUMENTS RELATING TO the number of employees on YOUR payroll in 2022.<br><br>**REQUEST FOR PRODUCTION NO. 36:** ALL DOCUMENTS RELATING TO the number of employees on YOUR payroll in January 2023.<br><br>**REQUEST FOR PRODUCTION NO. 37:** ALL DOCUMENTS RELATING TO the number of employees on YOUR payroll in 2024.<br><br>**REQUEST FOR PRODUCTION NO. 38:** ALL DOCUMENTS RELATING TO the number of employees YOU have/had, between 2022 through present, inclusive, who were/are dedicated to the manufacture, supply and/or sale of LiDAR Sensors.<br><br>**REQUEST FOR PRODUCTION NO. 50:** ALL DOCUMENTS which evidence the LiDAR Sensor technological support, product improvements, firmware upgrades and new developments YOU provided to ( or was able to provide to) distributors in 2022.<br><br>**REQUEST FOR PRODUCTION NO. 51:** | | requires discovery. Furthermore, payroll records or numbers regarding persons employed by Quanergy OldCo or Plaintiff have no bearing on the parties' performance obligations under a Distributor Agreement especially where, as here, the breach is simply based on Defendant's refusal to purchase goods. As a compromise, and to illustrate Plaintiff's ability to perform (although not an issue in this case), Plaintiff produced Quanergy OldCo's (i) audited financials for 2021 and 2022; and (ii) monthly operating reports showing number of persons employed in December 2022, January 2023, and February 2023, the three (3) months while Quanergy OldCo operated as a Debtor in possession. Plaintiff also permitted Defendant's Rule 30(b)(6) designee to testify regarding the number of persons employed by Plaintiff from 2023 to date. Defendant does not require plaintiff's payroll records or "all documents" regarding the number of employees to establish any plausible defenses. | |

167713887.1

| | |
|---|---|
| ALL DOCUMENTS which evidence the LiDAR Sensor technological support, product improvements, firmware upgrades and new developments YOU provided to (or was able to provide to) distributors in 2023. | With respect to **RFP 50-58**, the existence, *vel non*, of a contract (including whether there was a valid offer and acceptance) is a question of law for the court, not a question of fact that requires discovery. Evidence of Plaintiff's global sales of products or services through every other distributor is irrelevant to whether a valid contract existed between the parties to this case and is entirely overbroad and disproportionate to the needs of this case. As a compromise, and to illustrate Plaintiff's ability to perform (although not an issue in this case), Plaintiff produced a purchase order (No. 051-188802-143) with Anixter, a distributor that sold 63 of Plaintiff's sensors to Meta (*i.e.* Facebook) on February 6, 2023, the next business day after Plaintiff purchased Quanergy OldCo's assets. Plaintiff also produced (i) reports of all sensors shipped between 2020-2022; (ii) reports with finished goods, components and raw materials levels as of January 2023, when Quanergy OldCo filed for Ch. 11 protection; (iii) monthly operating reports showing inventory levels and income from sensor sales in December 2022, January 2023, |
| **REQUEST FOR PRODUCTION NO. 52:** ALL DOCUMENTS which evidence the LiDAR Sensor technological, product improvements, firmware upgrades and new developments support YOU provided to (or was able to provide to) distributors in 2024. | |
| **REQUEST FOR PRODUCTION NO. 53:** ALL DOCUMENTS RELATING TO the software for LiDAR Sensors YOU provided to (or was able to provide to) distributors in 2022. | |
| **REQUEST FOR PRODUCTION NO. 54:** ALL DOCUMENTS RELATING TO the software for LiDAR Sensors YOU provided to (or was able to provide to) distributors in 2023. | |
| **REQUEST FOR PRODUCTION NO. 55:** ALL DOCUMENTS RELATING TO the software for LiDAR Sensors YOU provided to (or was able to provide to) distributors in 2024. | |

167713887.1

| | | | |
|---|---|---|---|
| **REQUEST FOR PRODUCTION NO. 56:** ALL DOCUMENTS RELATING TO YOUR current business RELATING TO LiDAR Sensors, including but not limited to, YOUR volume of sales, manufacture, supply and/or distribution.<br><br>**REQUEST FOR PRODUCTION NO. 57:** ALL DOCUMENTS RELATING TO YOUR business RELATING TO LiDAR Sensors, including but not limited to, YOUR volume of sales, manufacture, supply and/or distribution in 2022.<br><br>**REQUEST FOR PRODUCTION NO. 58:** ALL DOCUMENTS RELATING TO YOUR business RELATING TO LiDAR Sensors, including but not limited to, YOUR volume of sales, manufacture, supply and/or distribution in 2023. | | and February 2023, the three (3) months while Quanergy OldCo operated as a Debtor in possession; and (iv) reports of sensors sold and shipped by Plaintiff in 2023 and 2024 since purchasing Quanergy OldCo's assets. | |
| | | | |
| **Quanergy's damages, including sale of LiDAR sensors and the alleged loss of profits.**<br><br>**REQUEST FOR PRODUCTION NO. 15:** ALL DOCUMENTS which support YOUR damages against EOS. | No. 15, 17-19; 39-41: Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents | **EOS:**<br><br>**Plaintiff did not provide any documents in regard to Quanergy's loss of profits and damages.** | |

167713887.1

| | | |
|---|---|---|
| **REQUEST FOR PRODUCTION NO. 17:** ALL DOCUMENTS RELATING TO economic damages suffered by YOU as a result of EOS' alleged breach of the Distribution Agreement.

**REQUEST FOR PRODUCTION NO. 18:** ALL DOCUMENTS RELATING TO damages suffered by YOU as a result of EOS' alleged breach of any Sales Order.

**REQUEST FOR PRODUCTION NO. 19:** ALL DOCUMENTS RELATING TO damages suffered by YOU as a result of EOS' alleged breach of any Purchase Order.

**REQUEST FOR PRODUCTION NO. 39:** ALL DOCUMENTS RELATING TO ANY damages YOU incurred as a result of EOS' refusal to order LiDAR Sensors pursuant to EOS' Purchase Order (PO-27275) dated September 30, 2022, including but not limited to any damages YOU incurred for any unused/unsold supplies, parts, or inventory, or payment of employee's labor for manufacture of LiDAR Sensors.

**REQUEST FOR PRODUCTION NO. 40:** ALL DOCUMENTS RELATING TO damages YOU suffered as a result of the alleged | to the extent they exist in its possession, custody and control and can be located through a reasonable search.

Nos. 33-34: Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information. | **If Plaintiff does not have responsive documents, it should state so in the responses.** These documents are relevant and material to EOS' assessment of damages alleged by Plaintiff, including loss of profits due to EOS' failure to order Quanergy sensors, EOS' marketing and promotion of other manufacturer's sensors, and EOS' failure to market and promote Quanergy's sensors.

**Quanergy:** With respect to **RFP 15-19** and **30-41**, Plaintiff seek damages based on Defendant's refusal to purchase products that it agreed to buy.  In cases like these, "the measure of damages here should be for the profit Plaintiff would have made had Defendant fulfilled the Agreement and purchased the Minimum Purchase Requirement." *BASF Corp. v. W. Hollywood Collision Ctr., Inc.*, No. CV 22-2994 PSG (RAO), 2023 WL 5167356, at *5 (C.D. Cal. July 12, 2023). The term "profit" refers to expectancy damages which are typically expressed as "the difference between what a party was promised and what the party actually received." *United States v. Silver*, 245 F.3d 1075 (9th | |

| | | |
|---|---|---|
| EOS's marketing, advertising, or promotion of third party LiDAR Sensor products.<br><br>**REQUEST FOR PRODUCTION NO. 41:** ALL DOCUMENTS RELATING TO damages YOU suffered as a result of the alleged EOS's sale of a third party LiDAR Sensor products.<br><br>**REQUEST FOR PRODUCTION NO. 33:** ALL DOCUMENTS RELATING TO YOUR sale of LiDAR sensors between 2022 and present, inclusive.<br><br>**REQUEST FOR PRODUCTION NO. 34:** ALL DOCUMENTS RELATING TO the quantity of LiDAR sensors YOU sold between 2022 through present, inclusive. | | Cir. 2001); *see also In re Palmdale Hills Prop*., LLC, 577 B.R. 858, 867 (Bankr. C.D. Cal. 2017) ("The purpose of expectancy or expectation damages is to make the nonbreaching party whole by providing it with the benefits it expected to receive from the contract had the contract been performed, or had the breach not occurred, less proper deductions.") The *BASF* court expressed this calculation in terms of profits but that does not mean that Plaintiff needs to prove lost future profits or that profits from other sales are discoverable.  What is relevant is the difference between what EOS promised it and what Plaintiff actually received from EOS. Documents establishing Plaintiff's COGS were produced.<br><br>With regard to **RFP 33 and 34**, the existence, *vel non*, of a contract (including whether there was a valid offer and acceptance) is a question of law for the court, not a question of fact that requires discovery.  As a compromise, and to illustrate Plaintiff's ability to perform (although not an issue in this case), Plaintiff produced a purchase order | |

167713887.1

| | | (No. 051-188802-143) with Anixter, a distributor that sold 63 of Plaintiff's sensors to Meta (*i.e.* Facebook) on February 6, 2023, the next business day after Plaintiff purchased Quanergy OldCo's assets. Plaintiff also produced (i) reports of all sensors shipped between 2020-2022; (ii) reports with finished goods, components and raw materials levels as of January 2023, when Quanergy OldCo filed for Ch. 11 protection; (iii) monthly operating reports showing inventory levels and income from sensor sales in December 2022, January 2023, and February 2023, the three (3) months while Quanergy OldCo operated as a Debtor in possession; and (iv) reports of sensors sold and shipped by Plaintiff in 2023 and 2024 since purchasing Quanergy OldCo's assets. The request for "all documents" is overbroad and disproportional. | |
|---|---|---|---|
| | | | |
| **Documents relating to the causes of Quanergy's bankruptcy filing.**<br><br>**REQUEST FOR PRODUCTION NO. 22:** | Plaintiff objects to this request on grounds that it is vague, incomprehensible and not | **EOS:**<br>**EOS needs emails, communications and corporate documents showing the reason for Quanergy's decision to file** | |

167713887.1

| | | |
|---|---|---|
| ALL DOCUMENTS RELATING TO the cause of Quanergy OldCo.'s bankruptcy filing.<br><br>**REQUEST FOR PRODUCTION NO. 20:** ALL DOCUMENTS RELATING TO investment on Quanergy OldCo. funded by Alisher Usamanov. | relevant or proportional to any claim or defense asserted in the pleadings. | **bankruptcy; and withdrawal/freeze of funding by Usamanov.** Quanergy's bankruptcy filing led EOS to believe that Quanergy was no longer capable of manufacturing and supplying the sensors. EOS learned that Quangery's bankruptcy filing was caused by its loss of Velodyne's patent infringement lawsuit and the withdrawal of Russian billionaire Usamanov's funding, among other reasons.<br><br>**Quanergy:** Plaintiff's objections to **RFP 22 and 23** which seeks "all documents" relating to the cause of Quanergy OldCo's bankruptcy filing and its financial condition on the Petition Date are proper. Plaintiff is not Quanergy OldCo. Plaintiff purchased Quanergy OldCo's assets in the 363 Sale supervised by the Bankruptcy Court in Delaware. Plaintiff does not have possess, custody or control over Quanergy OldCo's financial statements. Quanergy OldCo was represented by Cooley LLP. However, as a compromise, Plaintiff downloaded (from PACER and EDRAG) and sent to Defendant (i) affidavits filed | |

167713887.1

| | | | |
|---|---|---|---|
| | | in by Quanergy OldCo's financial professionals (Raymond James) and its Chief Restructuring Officer detailing the economic conditions that led to the Ch. 11 filing; (ii) Quanergy OldCo's audited financials for 2022 and 2023; (iii) statements of financial affairs, assets and liabilities as of the Ch. 11 petition date; and (iv) monthly operating reports for every month up to the 363 sale.  Plaintiff has gone beyond what is required by the Federal Rules and the motion to compel should be denied.<br><br>Request **No. 20** relates to Plaintiff's preoccupation with an alleged investment in Quanergy OldCo made by Alisher Usamanov, supposedly a Russian billionaire.  Plaintiff purchased Quanergy OldCo's assets in the 363 Sale supervised by the Bankruptcy Court in Delaware.  Plaintiff does not have possess, custody or control over Quanergy OldCo's financial statements or records pertaining to OldCo's investors (OldCo was a public company).  Quanergy OldCo was represented by Cooley LLP which handled OldCo's intellectual property, securities, compliance and, | |

167713887.1

| | | utltimatley, bankruptcy matters. Plaintiff did not purchase Cooley's legal files or records related to OldCo's capitalization table. Furthermore, why Quanergy OldCo filed for bankruptcy or whether its bankruptcy filing was influenced by action taken or not taken by a Russian billionaire, is absolutely irrelevant where, as here, the unexpired distribution agreement was assumed and assigned to Plaintiff by Order of the Delaware Bankruptcy Court. As a compromise, Plaintiff downloaded (from PACER and EDGAR) and sent to Defendant (i) affidavits filed in by Quanergy OldCo's financial professionals (Raymond James) and its Chief Restructuring Officer detailing the economic conditions that led to the Ch. 11 filing; (ii) Quanergy OldCo's audited financials for 2022 and 2023; (iii) statements of financial affairs, assets and liabilities as of the Ch. 11 petition date; and (iv) monthly operating reports for every month up to the 363 sale. Plaintiff has gone beyond what is required by the Federal Rules and the motion to compel should be denied. Notably, the affidavits of Quanergy OldCo's | |

167713887.1

financial professionals make no mention of Russian billionaires.

167713887.1

# EXHIBIT B

JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
CHRISTIN KIM (SBN 348256)
christinkim@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:    415.364.5540
Facsimile:    415.391.4436

ELY GOLDIN (admitted *pro hac vice*)
egoldin@foxrothschild.com
FOX ROTHSCHILD LLP
980 Jolly Road, Suite 110
P.O. Box 3001
Bule Bell, Pennsylvania 19422
Telephone:    (610) 397-6500
Facsimile:    (610) 397-0450

Attorneys for Plaintiff
QUANERGY SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANERGY SOLUTIONS, INC. f/k/a ROLISI, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>EOS AUSTRALIA PTY LTD, an Australian corporation,<br><br>Defendant. | Case No. 5:23-cv-06228-EKL<br><br>**PLAINTIFF QUANERGY SOLUTIONS, INC.'S RESPONSES TO DEFENDANT EOS AUSTRALIA PTY LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:  EOS AUSTRALIA PTY LTD**

**RESPONDING PARTY:    QUANERGY SOLUTIONS, INC. f/k/a ROLISI, LLC**

**SET NO.:                    ONE**

Plaintiff Quanergy Solutions, Inc. f/k/a Rolisi, LLC ("Plaintiff"), hereby responds to Defendant EOS Australia Pty Ltd's ("Defendant") First Set of Requests for Production of Documents as follows:

///

1                                                     CASE NO.  5:23-cv-06228-EKL

**PRELIMINARY STATEMENT**

Plaintiff has not completed its investigation of this case, has not completed discovery, and has not completed preparation for trial. All of the responses contained herein are based only on such information that is presently available to and specifically known to Plaintiff. They are given without prejudice to Plaintiff's rights to produce evidence of any subsequently discovered fact or facts that it may later develop. The responses contained herein should in no way be to the prejudice of Plaintiff in relation to further discovery, research, or analysis.

This preliminary statement is incorporated into each response.

**GENERAL OBJECTIONS**

1. Plaintiff objects to each and every request to the extent that it purports to impose on Plaintiff any obligation that is different from. Greater than, inconsistent with any obligation imposed by Federal Rules of Civil Procedure or any other applicable law or rule.

2. Plaintiff objects to each and every request to the extent that it seeks information that is not relevant to any claim or defense in this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Nothing in these responses is intended to be, or shall be construed to constitute, an admission by Plaintiff that any document referenced in the responses is relevant to any issue in this action, is reasonably calculated to lead to the discovery of admissible evidence, or is admissible.

3. Plaintiff objects to each and every request to the extent that it seeks information that is protected from disclosure by attorney-client privilege, work product doctrine, court protective order, and/or any other applicable privilege or immunity. Plaintiff intends to and does claim privilege with respect to all such information and declines to provide any such information. Any agreement by Plaintiff to provide information in response to any request is limited to non-privileged information, and shall not be construed to constitute an agreement to provide any privileged or protected information. Any disclosure or privileged or protected information by Plaintiff is unintentional, and any such inadvertent disclosure shall not be construed as a waiver of any applicable objection, privilege, immunity, or protection from disclosure.

4. Plaintiff objects to each and every request to the extent that it is vague, ambiguous,

2                          CASE NO. 5:23-cv-06228-EKL

unintelligible, uncertain, cumulative, duplicative, and/or contains vague or ambiguous terms.

5.      Plaintiff objects to each and every request to the extent that it is overly broad and unduly burdensome, in that it is not reasonably limited in scope, and/or requires Plaintiff to make an unreasonable and unduly burdensome investigation.

6.      Plaintiff objects to each and every request to the extent that it is speculative, lacks foundation, or improperly assumes the existence of hypothetical facts that are incorrect or unknown to Plaintiff.

7.      Plaintiff objects to each and every request to the extent that it contains express or implied assumptions of fact or law with respect to matters at issue in this case.  Plaintiff's responses to these requests are not intended to be, and shall not be construed as, an agreement or concurrence by Plaintiff with Defendant's characterization of any facts, circumstances, and/or legal obligations, and Plaintiff reserves the right to contest any such characterization.

8.      Plaintiff objects to each and every request to the extent that it seeks information that would constitute an unwarranted invasion of affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

9.      Plaintiff objects to each and every request to the extent that it seeks confidential, proprietary, or trade-secret information.

10.      Plaintiff objects to the request to the extent that it seeks information prohibited and/or restricted from disclosure by agreement, law, or regulation.

11.      Plaintiff objects to each and every request to the extent that it seeks documents and information that are already in the public domain, that are in the possession of, or equally or more readily available to, Defendant, or that are more properly and more readily obtained from third parties.

12.      Plaintiff objects to each and every request, definition, and instruction to the extent that it seeks documents and information not within Plaintiff's possession, custody, or control.

13.      Plaintiff objects to each and every request to the extent that it seeks information outside the relevant time period for this action.  The lack of defined beginning or end dates in the requests is unduly burdensome, given the breadth of the requests.  To the extent Plaintiff agrees to

3                              CASE NO.  5:23-cv-06228-EKL

disclose information or documents in response to a particular request, it will do so only for a period that is reasonable and proportional to the needs of this case.

14.    Information provided in response to these requests are provided without waiver of, and with express reservation of (a) all objections as to the competency, relevancy, materiality and admissibility of such information and the subject matter thereof as evidence for any purpose in any further proceeding in this action, or in any other action; (b) the right to object to the use of such information, or the subject matter thereof, on any ground in any further proceeding in this action, or in any other action; and (c) the right to object on any ground at any time to a demand or request for further responses to these Requests or any other requests or other discovery proceedings.

Each and every one of the above General Objections shall be deemed to be incorporated in full into each of the individual responses set forth below as if fully set forth therein. From time to time, a specific response may repeat a General Objection for emphasis or for some other reason. The omission of any General Objection in any specific response to any request is not intended to be and should not be construed as a waiver or limitation of any General Objection to any request. Likewise, the inclusion of any specific objection in any specific response to any request is not intended to be and should not be construed as a waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO ANY Purchase Order from EOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving its objections, Plaintiff already produced all purchase orders placed by EOS with respect to the Distributor Agreement.  Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO ANY Sales Order from EOS.

4                              CASE NO.  5:23-cv-06228-EKL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving its objections, Plaintiff has not located any "sales order from EOS". Furthermore, Plaintiff already produced all purchase orders placed by EOS with respect to the Distributor Agreement. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

ALL Sales Order generated by YOU for EOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving its objections, Plaintiff already produced all sales orders that correspond to any purchase orders placed by EOS with respect to the Distributor Agreement. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS which evidence that Quanergy OldCo. sent to EOS the Sales Order (SO No. 105248) attached as Exhibit C to YOUR Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS which evidence that Quanergy OldCo. finalized the Sales Order related to EOS's offer to purchase $416,898's worth of products, as alleged in the complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

5                                              CASE NO.  5:23-cv-06228-EKL

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS which evidence that Quanergy OldCo. accepted EOS's offer to purchase $416,898 's worth of products (PO-27275).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection.   Plaintiff objects to this Request for Production on grounds that it is argumentative and sets forth erroneous and inappropriate factual and legal assumptions. Specifically, and without limitation, by written Distributor Agreement dated March 15, 2022 ("Distributor Agreement") between Quanergy Systems, Inc. ("Quanergy OldCo") and Defendant EOS Australia Pty Ltd ("Defendant" or "EOS"), EOS was granted non-exclusive distribution rights to sell Quanergy OldCo's LiDAR sensors ("Products") in Australia and New Zealand (the "Territory").  Under the Distributor Agreement, which was for a three-year term, EOS agreed to (i) purchase at least $800,000 worth of LiDAR sensors; (ii) promote Quanergy OldCo's sensors and technology in the Territory; and (iii) refrain from promoting or selling competing products in the Territory.  In June 2022, approximately three months after the Distributor Agreement was signed, the parties met in Australia to discuss EOS' pipeline, anticipated demand for Products and the minimum volume commitment.  At the time, EOS was actively pursuing opportunities including Telstra and Ausgrid and expressed an interest in receiving fifty (50) sensors which would *partially* satisfy the minimum volume requirement in the Distributor Agreement.   A few months later, EOS participated at the Australia Security Exhibition, an industry trade show held on August 17-19, 2022.  According to EOS, the event was a smashing success and according to messages from Donna Dee Estrella, an EOS employee, "security professionals flocked around our stand and were curious to know more about the MQ-8 Series LiDAR sensor."   Up to that point, EOS had placed three (3) orders for $32,670, leaving an unfulfilled purchase obligation of $767,330 under the minimum volume commitment. On September 30, 2022, EOS' purchasing manager, Ted Ahn transmitted EOS Purchase Order 27275 (the "Backlog PO") for fifty (50) *MQ-8 sensors*[1] and software licenses at a combined price of $416,898.  Contrary to the erroneous legal and factual assumption inherent

_____

[1] Quanergy OldCo's latest product and the one that drew so much interest at the Australia Security Expo.

in this Request for Admission, the Backlog PO was not an invitation to enter into a new free-standing contract separate and distinct from the Distributor Agreement.  Rather, the Backlog PO was an order placed by EOS as part of the $800,000 minimum volume requirement set forth in the Distributor Agreement.  Furthermore, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS RELATING TO when YOU first learned about Velodyne's Claim against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS RELATING TO YOUR effort to notify YOUR distributors, including EOS, IN REGARD TO Velodyne's Lawsuit against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS RELATING TO YOUR effort to notify YOUR distributors, including EOS, IN REGARD TO the federal circuit court's ruling on Velodyne's Lawsuit against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS RELATING TO YOUR effort to notify YOUR distributors, including EOS, IN REGARD TO the U.S. Patent Trial and Appeals Board's decision on

Velodyne's Claim against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS within Quanergy OldCo. IN REGARD TO notifying or disclosing to distributors about Velodyne's Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS RELATING TO Quanergy OldCo.'s disclosure to distributors about Velodyne's Claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS RELATING TO Quanergy OldCo.'s decision not to disclose about Velodyne's Claim or Velodyne 's Lawsuit to its distributors, including EOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS within YOUR company IN REGARD TO EOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings.

CASE NO.  5:23-cv-06228-EKL

RESPONSE TO DEFENDANT EOS AUSTRALIA PTY LTD'S REQUEST FOR PRODUCTION (SET ONE)
161919093.3

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS which support YOUR damages against EOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS RELATING TO YOUR damages that are not excluded pursuant to section 8.3(b) of the Distribution Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings.  Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS RELATING TO economic damages suffered by YOU as a result of EOS' alleged breach of the Distribution Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS RELATING TO damages suffered by YOU as a result of EOS' alleged breach of any Sales Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiving its objections, Plaintiff already produced all documents

9                                    CASE NO.  5:23-cv-06228-EKL

responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS RELATING TO damages suffered by YOU as a result of EOS' alleged breach of any Purchase Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS RELATING TO investment on Quanergy OldCo. funded by Alisher Usamanov.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS RELATING TO withdrawal or freeze of investment on Quanergy OldCo. funded by Alisher Usamanov.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS RELATING TO the cause of Quanergy OldCo.'s bankruptcy filing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS RELATING TO Quanergy OldCo. 's financial condition at the time of its bankruptcy filing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS RELATING TO Quanergy OldCo. 's ability to manufacture and/or supply LiDAR Sensors at the time of its bankruptcy filing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS RELATING TO YOUR capability to manufacture and/or supply LiDAR Sensors to YOUR distributors in January 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS RELATING TO YOUR ability to pay Velodyne the settlement amount Quanergy OldCo. agreed to pay pursuant to Quanergy OldCo. 's settlement agreement with Velodyne.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS showing the amount YOU paid to Velodyne pursuant to the settlement agreement between Quanergy OldCo. and Velodyne.

11                                    CASE NO.  5:23-cv-06228-EKL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS showing the amount YOU still owe to Velodyne pursuant to the settlement agreement between Quanergy OldCo. and Velodyne.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.

**REQUEST FOR PRODUCTION NO. 29:**

ALL DOCUMENTS RELATING TO ALL of YOUR Sales Order with ANY and ALL of YOUR distributors between 2022 through present, inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS RELATING TO YOUR capability to manufacture of LiDAR sensors between 2023 and present, inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 31:**

ALL DOCUMENTS RELATING TO YOUR manufacture of LiDAR sensors between 2022 and present, inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not

12                                              CASE NO.  5:23-cv-06228-EKL

relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS RELATING TO the quantity of LiDAR sensors YOU manufactured between 2022 through present, inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS RELATING TO YOUR sale of LiDAR sensors between 2022 and present, inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 34:**

ALL DOCUMENTS RELATING TO the quantity of LiDAR sensors YOU sold between 2022 through present, inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 35:**

ALL DOCUMENTS RELATING TO the number of employees on YOUR payroll in 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not

13                                                    CASE NO.  5:23-cv-06228-EKL

relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 36:**

ALL DOCUMENTS RELATING TO the number of employees on YOUR payroll in January 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 37:**

ALL DOCUMENTS RELATING TO the number of employees on YOUR payroll in 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 38:**

ALL DOCUMENTS RELATING TO the number of employees YOU have/had, between 2022 through present, inclusive, who were/are dedicated to the manufacture, supply and/or sale of LiDAR Sensors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 39:**

ALL DOCUMENTS RELATING TO ANY damages YOU incurred as a result of EOS' refusal to order LiDAR Sensors pursuant to EOS' Purchase Order (PO-27275) dated September 30, 2022, including but not limited to any damages YOU incurred for any unused/unsold supplies,

parts, or inventory, or payment of employee's labor for manufacture of LiDAR Sensors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

ALL DOCUMENTS RELATING TO damages YOU suffered as a result of the alleged EOS's marketing, advertising, or promotion of third party LiDAR Sensor products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

ALL DOCUMENTS RELATING TO damages YOU suffered as a result of the alleged EOS's sale of a third party LiDAR Sensor products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 42:**

ALL DOCUMENTS which support YOUR first cause of action for breach of written contract, including breach by repudiation of obligations, breach by sale of competing products, and breach by failure to promote.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any

15                                        CASE NO.  5:23-cv-06228-EKL

claim or defense asserted in the pleadings. Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues.

**REQUEST FOR PRODUCTION NO. 43:**

ALL DOCUMENTS which support YOUR second cause of action for intentional misrepresentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings. Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues.

**REQUEST FOR PRODUCTION NO. 44:**

ALL DOCUMENTS which support YOUR third cause of action for negligent misrepresentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings. Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues.

**REQUEST FOR PRODUCTION NO. 45:**

ALL DOCUMENTS which support YOUR fourth cause of action for Unfair Competition (Cal. Bus. & Prof Code sections 17200 et seq.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings. Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues.

///

**REQUEST FOR PRODUCTION NO. 46:**

ALL DOCUMENTS which support YOUR fifth cause of action for unjust enrichment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings.  Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues.

**REQUEST FOR PRODUCTION NO. 47:**

ALL DOCUMENTS which support YOUR claim of damages for at least $416,898.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings.  Furthermore, the request seeks information and/or documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues.

**REQUEST FOR PRODUCTION NO. 48:**

ALL DOCUMENTS which support YOUR claim of right to attorney's fees, costs and expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to and without waiving its objections, Plaintiff already produced all documents responsive to this Request for Production. Plaintiff will produce additional responsive documents to the extent they exist in its possession, custody and control and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 49:**

ALL DOCUMENTS which support YOUR allegation that Normann Wee's email of January 16, 2023 did not effectuate EOS's termination of the Distribution Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff objects to this request on grounds that it is overbroad and not proportional to any claim or defense asserted in the pleadings.  Furthermore, the request seeks information and/or

17                              CASE NO.  5:23-cv-06228-EKL

documents protected by the attorney-client privilege and/or the work product doctrine in that it seeks counsel's mental impressions on legal theories and/or issues. By way of further answer, EOS never terminated the Distributor Agreement and its purported termination by email dated January 15, 2023 was without legal effect. Specifically, on December 12, 2022 ("Petition Date"), Quanergy OldCo filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under Docket No. 22-11305-CTG ("the Bankruptcy Case"). Quanergy OldCo notified EOS of the Chapter 11 filing, advise that a quick sale was eminent and confirmed that all operations and obligations would remain in force. On December 13, 2022, the Bankruptcy Court issued an order (the "Bidding Procedures Order") approving bidding procedures in connection with the sale of Quanergy OldCo's assets in accordance with, *inter alia,* Section 363 of the Bankruptcy Code (the "Section 363 Sale"). On January 30, 2023, Plaintiff (then known as Rolisi, LLC) was determined to be the successful bidder (the "Successful Bidder") for the assets sold pursuant to the Section 363 Sale. On February 3, 2023, less than 60 days after the Petition Date, Plaintiff purchased substantially all of Quanergy OldCo's tangible and intangible assets. Every step of the sale process was pursuant to an order of the Bankruptcy Court. Upon the sale, Plaintiff assumed the name "Quanergy". The Distributor Agreement with EOS was one of many unexpired executory contracts in effect as of the Petition Date. Pursuant to, inter alia, 11 U.S.C. § 365(d), all executory contracts in effect as of the Petition Date, including the Distributor Agreement, remained in force until and unless rejected by the debtor-in-possession (Quanergy OldCo) or upon approval of the Bankruptcy Court. EOS, which had actual notice of the bankruptcy proceedings, never appeared or sought to have the Distributor Agreement deemed rejected. The foregoing information is equally available to Defendant whose counsel has access to PACER and the dockets of proceedings in the Bankruptcy Court.

**REQUEST FOR PRODUCTION NO. 50:**

ALL DOCUMENTS which evidence the LiDAR Sensor technological support, product improvements, firmware upgrades and new developments YOU provided to ( or was able to

provide to) distributors in 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 51:**

ALL DOCUMENTS which evidence the LiDAR Sensor technological support, product improvements, firmware upgrades and new developments YOU provided to (or was able to provide to) distributors in 2023 .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 52:**

ALL DOCUMENTS which evidence the LiDAR Sensor technological, product improvements, firmware upgrades and new developments support YOU provided to (or was able to provide to) distributors in 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS RELATING TO the software for LiDAR Sensors YOU provided to (or was able to provide to) distributors in 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

19                                    CASE NO.  5:23-cv-06228-EKL

**REQUEST FOR PRODUCTION NO. 54:**

ALL DOCUMENTS RELATING TO the software for LiDAR Sensors YOU provided to (or was able to provide to) distributors in 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 55:**

ALL DOCUMENTS RELATING TO the software for LiDAR Sensors YOU provided to (or was able to provide to) distributors in 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 56:**

ALL DOCUMENTS RELATING TO YOUR current business RELATING TO LiDAR Sensors, including but not limited to, YOUR volume of sales, manufacture, supply and/or distribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 57:**

ALL DOCUMENTS RELATING TO YOUR business RELATING TO LiDAR Sensors, including but not limited to, YOUR volume of sales, manufacture, supply and/or distribution in 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not

relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 58:**

ALL DOCUMENTS RELATING TO YOUR business RELATING TO LiDAR Sensors, including but not limited to, YOUR volume of sales, manufacture, supply and/or distribution in 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 59:**

ALL DOCUMENTS RELATING TO YOUR internal COMMUNICATIONS REGARDING the LiDAR Sensors and Amazon Web Services (AWS) Project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 60:**

ALL DOCUMENTS RELATING TO YOUR COMMUNICATIONS with Amazon Web Services (A WS) REGARDING LiDAR Sensors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings. Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 61:**

ALL of YOUR contracts with distributors of LiDAR Sensors, including but not limited to the distribution agreements, purchase orders, and Sales Orders.

///

21                                                    CASE NO.  5:23-cv-06228-EKL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information.

**REQUEST FOR PRODUCTION NO. 62:**

ALL DOCUMENTS, including internal COMMUNICATIONS, RELATING TO YOUR decision to file herein lawsuit against EOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiff objects to this request on grounds that it is vague, incomprehensible and not relevant or proportional to any claim or defense asserted in the pleadings.  Plaintiff further objects to this request to the extent that it seeks confidential, proprietary, or trade-secret information. Plaintiff objects to this request to the extent that it seeks information that is protected from disclosure by attorney-client privilege, work product doctrine, court protective order, and/or any other applicable privilege or immunity

Dated:  September 24, 2024                        Respectfully Submitted,

                                             **FOX ROTHSCHILD LLP**

                                             By:  */s/ Ely Goldin*
                                                 ELY GOLDIN
                                                 JACK PRAETZELLIS
                                                 CHRISTIN KIM
                                                 Attorneys for Plaintiff Quanergy Solutions, Inc.

RESPONSE TO DEFENDANT EOS AUSTRALIA PTY LTD'S REQUEST FOR PRODUCTION (SET ONE)
161919093.3

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the City and County of San Francisco, State of California. My business address is 345 California Street, Suite 2200, San Francisco, CA 94104.

On September 25, 2024, I served the following document(s) described as:

**PLAINTIFF QUANERGY SOLUTIONS, INC.'S RESPONSES TO DEFENDANT EOS AUSTRALIA PTY LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties in this action as follows:

B. Christine Park, Esq.                    *Attorneys for Defendant*
JKLAWUSA, APC                        EOS Australia Pty Ltd.
3435 Wilshire Boulevard, Suite 400
Los Angeles, CA 90010
Email: boksoonpark@gmail.com
          jklawusahhs@gmail.com
          jklawus@gmail.com

**[ XX ] BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address cjacobs@foxrothschild.com to the persons at the e-mail addresses listed on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 25, 2024, at Redding, California.

_____
Constance Jacobs

CERTIFICATE OF SERVICE

**CERTIFICATE OF SERVICE**

1. I am at least age 18, not a party to this action, and am a resident or employed in the county where the mailing/delivery took place.  My business address is:
    3435 Wilshire Blvd., Suite 400, Los Angeles, CA 90010
    Tel. 323-578-6957

2. On 2/3/2025, I served the copies of the following documents on the named person and addresses as indicated below:

**DOCUMENTS SERVED: JOINT STATEMENT RE: DISCOVERY DISPUTE ON PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

3. I caused the document noted above to be served via:

**⎯    By United States Mail to All Parties on Service List.**
        I deposited such envelope in the United States Mail, at Los Angeles, California, with postage thereon fully prepaid.
**_X____** By e-Service for parties that are e-Service participants. Service is being made electronically on those parties on the Service List below that are registered users of the Court's Electronic Case Filing System.
**_X**    **Email delivery/E-Service** at the addresses indicated on the Service List below.

4. I declared under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

    Dated: 2/3/2025

Print Name: B. Christine Park            Signature of Declarant:

SERVICE LIST:

**Counsel for Plaintiff in both cases**

JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
CHRISTIN KIM (SBN 348256)
christinkim@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, California 94104

ELY GOLDIN
egoldin@foxrothschild.com
FOX ROTHSCHILD LLP
980 Jolly Road, Suite 110
P.O. Box 3001
Blue Bell, PA 19422