UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANERGY SOLUTIONS, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>EOS AUSTRALIA PTY LTD,<br><br>      Defendant. | Case No. 23-cv-06228-EKL   (SVK)<br><br>**ORDER SETTING DISCOVERY HEARING; PROVIDING GUIDELINESS AND TENTATIVE RULINGS FOR FURTHER MEET AND CONFER**<br><br>Re: Dkt. Nos. 58, 59, 60 |

Fact discovery in this case closed on February 1, 2025. On February 3, 2025, the Parties filed three Joint Discovery Submissions relating to Plaintiff's Requests for Production ("RFP"), Defendant's 30(b)6 deposition and Defendant's RFPs. Dkt 58, 59, 60. Having reviewed the Parties' papers, it is clear to the Court that counsel on both sides have surrendered the ability to deal with the other side in a civil and constructive manner. Accordingly, the Court will hold an **in-person hearing on the matters in dispute on February 20, 2025 at 10 a.m**. **Counsel attending the hearing must have full authority to negotiate and compromise the disputed matters and must be prepared to remain at Court for the entire business day to meet and confer under Court supervision as necessary**. In advance of the hearing, the Court offers the general guidelines below and, in light of the summary judgment briefing schedule, encourages counsel to redeem themselves by meeting and conferring in advance of the hearing in a good faith effort to resolve the outstanding disputes. If the disputes are resolved in advance, the Court will vacate the hearing.

### I.   General Comments

- The Parties spend far too much time arguing their respective positions on the merits which do not inform the pending discovery disputes.

- The Parties improperly attach lengthy meet and confer correspondence in contravention of this Court's standing order.
- The deposition conduct was not a model of the civility required to practice in this Court. Both sides can and must do better.

## II.   Joint Submission re Plaintiff's RFPs (Dkt. 58)

- If Plaintiff contends that the ESI compliant production is missing specific emails, it must be prepared to provide Defendant with identifying information (bates no., or if none, dates and authors/recipients) for the missing documents.
- If Defendant contends that its productions are complete, it must be prepared to provide <u>verified</u> supplemental responses that confirm it search and production protocols.  Any such supplemental response should address the search and production of the competitor agreements from March 2023 and February 2024.
- If Defendant contends that responsive emails that postdate August 31, 2023 have been produced, it must be prepared to provide bates nos. of responsive documents.
- RFPs directed to Defendant's marketing or sale of competing products are relevant only if narrowly drawn and tied to a specific allegation.  General requests on this topic are not proportional to the needs of the litigation.
- If the operative complaint contains a claim for punitive damages, then Defendants must produce financial information for the relevant time period.  As a general practice, such information is produced in summary form.

## III.   Deposition of 30(b)6 witness Mr. Cha (Dkt. 59)

Mr. Cha will provide verified written responses to each of the disputed questions, without objection, regarding:

- Mr. Cha's drafting of Mr. Wee's statement and the involvement of his helper;
- Mr. Cha's purchase of Quanergy shares;
- Mr. Cha's losses resulting from his purchase of Quanergy shares;

- Whether he agrees that Amazon Australia decided not to purchase the LiDAR sensors on October 26, 2022;
- Amounts spend on the subject marketing exhibition.

Counsel for the defense made numerous inappropriate speaking objections and gave improper instructions not to answer. Objections are limited to de minimis phrases sufficient to preserve the record for trial. It is not improper to ask a witness to affirm or agree with a statement in a document. "Asked and answered," "irrelevant," etc., are NOT proper grounds for instructing not to answer. The only proper grounds for such an instruction is to protect privilege. In an extreme case of repeated questioning, not apparent here, counsel may make a record of harassing the witness, but the need for such a record is rare. In sum, defense counsel was out of line at the deposition. Pending the hearing, if necessary, the Court's tentative ruling regarding the speaking objection issue is to allow 1 additional hour of video deposition on any of the topics set forth in Exhibit C.

**IV.    Joint Submission regarding Defendant's RFPs (Dkt. 60)**

- Requests directed to the Velodyne lawsuit are relevant only to the extent narrowly tailored to what, if any, notice was provided to EOS of either the suit or the outcome of the suit as well as any documents reflecting a finding of infringement or judgment as to Quanergy. Sweeping requests on this topic are not proportional to the needs of the litigation.
- Regarding the requests directed to communications within Quanergy OldCo and NewCo re EOS, Plaintiff must be prepared to identify the documents identified at Dkt. 60 page 8, lines19-21 by bates numbers. Plaintiff should also be prepared to search for and produce communications regarding its ability to fulfill its obligations pursuant to the disputed EOS agreements.
- Regarding documents relating to Amazon Web Services (AWS), only documents reflecting the existence of an agreement by AWS to purchase Quanergy's products is relevant. Why AWS decided not to proceed is not proportional to the needs of this case.

3

- Requests directed to sales orders with distributors other than EOS are not proportional to the needs of the litigation.
- Requests directed to the reasons why Quanergy did not send a Sales Order to accept the subject Purchase Order are relevant and proportional.
- Requests directed to Quanergy's ability to manufacture the subject parts are relevant and proportional but only in the relevant time period of the subject agreements. For example, requests directed to actual manufacturing output in this time frame are responsive. Sweeping requests on this topic without regard for dates or the EOS agreements are not proportional to the needs of the litigation.
- The reasons for Quanergy's bankruptcy filing, particularly as it relates to the Velodyne lawsuit, is not relevant. The fact of the bankruptcy is public as would be any civil judgment held by Velodyne; defendant can argue from these facts without burdensome production from Plaintiff.

**SO ORDERED.**

Dated: February 13, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

4