JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
CHRISTIN KIM (SBN 348256)
christinkim@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:    (415) 364-5540
Facsimile:    (415) 391-4436

ELY GOLDIN
egoldin@foxrothschild.com
FOX ROTHSCHILD LLP
980 Jolly Road, Suite 110
PO Box 3001
Blue Bell, Pennsylvania 19422
Telephone:    610.397.6500
Facsimile:    610.397.0450

Attorneys for Plaintiff
QUANERGY SOLUTIONS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANERGY SOLUTIONS, INC. F/K/A ROLISI, LLC, A DELAWARE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>EOS AUSTRALIA PTY LTD, AN AUSTRALIAN CORPORATION,<br><br>        Defendants. | CASE NO. 5:23-CV-06228-EKL<br><br>**PLAINTIFF QUANERGY SOLUTIONS, INC.'S SEPARATE STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT EOS AUSTRALIA PTY LTD'S MOTION FOR SUMMARY JUDGMENT.**<br><br>Date:  May 14, 2025<br>Time:  10:00 AM<br>Courtroom: 7, Honorable Eumi K. Lee |

Plaintiffs Quanergy Solutions, Inc.' s ("Plaintiff" or "Quanergy") hereby submits its Responsive Separate Statement of Material Facts, together with references to supporting evidence, in opposition to Defendant's Motion for Summary Judgment.

1

| CLAIM OR DEFENSE | DEFENDANT EOS' UNDISPUTED FACTS & SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE & SUPPORTING EVIDENCE |
| --- | --- | --- |
| **CLAIM 1: BREACH OF CONTRACT** | | |
| ISSUE 1: THE "MINIMUM VOLUME COMMITMENT" IN THE DISTRIBUTION AGREEMENT WAS A CONDITION FOR EOS TO MAINTAIN ITS APPOINTMENT AS A NONEXCLUSIVE DISTRIBUTOR OF PLAINTIFF'S PRODUCTS | FACT 1. On or about March 15, 2022, Plaintiffs predecessor, Quanergy OldCo and EOS entered into a nonexclusive agreement for the distribution of Quanergy's LiDAR sensors and use license ("Distributor Agreement" or "Agreement").<br><br>Exhibit 1 to Declaration of B. Christine Park, Esq. ("Park Decl."), Quanergy Distributor Agreement. | Admitted |
| | FACT 2. The Distributor Agreement states: 2.2 Obligations. Distributor's appointment as a Distributor is conditioned on Distributor meeting and complying with the following obligations throughout the Term: (a) Distributor must purchase a minimum number of Products during the Term (the "Minimum Volume Commitment") as set forth in Exhibit A ... If Distributor fails to comply with any of the foregoing obligations, Quanergy shall be entitled to terminate this Agreement immediately upon written notice to Distributor.<br><br>Exhibit 1 to Park Decl. at Paragraph 2.2 | Admitted in part; Denied in part. Plaintiff admits that Defendant accurately quotes a partial excerpt from Section 2.2 of the Distributor Agreement. Plaintiff denies that Section 2.2 is the only section of the Distributor Agreement that addresses Plaintiff's remedies for breach and, for this reason, denies Fact 2 to the extent that it reads "The Distributor Agreement states:". Furthermore, Section 15.5 the Distributor Agreement contains a non-waiver clause and expressly provides that "the exercise of any right or remedy provided under this agreement shall be without prejudice to the right to exercise any other right or remedy provided by law or equity."<br><br>Signore Decl. Ex. 1, § 15.5. |

2

| ISSUE 2: TERMS OF THE DISTRIBUTION AGREEMENT LIMITS THE RELIEF SOUGHT BY PLAINTIFF | FACT 3. The Distributor Agreement states: "Neither Quanergy nor Distributor shall, by reason of the termination of this Agreement, be liable to the other for compensation, reimbursement or damages on account of any loss of prospective profits or anticipated sales or on account of expenditures, investments, leases, or commitments made in connection with this Agreement or the anticipation of extended performance hereunder."<br><br>Exhibit 1 to Park Deel at Paragraph 8.3(b) | Admitted in part; Denied in part. Plaintiff admits that Defendant accurately quotes a partial excerpt from Section 8.3(b) of the Distributor Agreement. Plaintiff denies that Section 8.3(b) is the only section of the Distributor Agreement that addresses Plaintiff's remedies and, for this reason, denies Fact 3 to the extent that it reads "The Distributor Agreement states:". Furthermore, the Distributor Agreement (i) expressly provides that termination shall not affect each Party's obligations to pay all amounts due to the other, including amounts accrued prior to and after termination; and (ii) contains a non-waiver clause and expressly provides that "the exercise of any right or remedy provided under this agreement shall be without prejudice to the right to exercise any other right or remedy provided by law or equity."<br><br>Signore Decl. Ex. 1, §§ 8.3 and 15.5. |
| | FACT 4: During discussions about to the terms of the Distribution Agreement, EOS expressed their hesitation to commit to a minimum purchase of Plaintiffs Products. Marc Lamy, the salesperson at Quanergy OldCo responded to Norman Wee, Regional Manager at EOS that the Minimum Volume Commitment in the Distributor Agreement was to express the parties' sales target rather than a guaranteed purchase amount.<br><br>Declaration of Patrick Cha | Denied. The Distributor Agreement, which was for an initial term of three (3) year staring on March 15, 2022 and ending on March 15, 2025 ("Initial Term"), set forth a Minimum Purchase Commitment during each of the three years comprising the Initial Term and a cumulative Minimum Volume Commitment over the entire Initial Term.<br><br>Signore Decl. Ex. 1, § 8.1; ex. A § 6.<br><br>Furthermore, by email dated |

3

| | | |
|---|---|---|
| | ("Cha Deel.") at Paragraphs 3 and 4; Declaration of Norman Wee ("Wee Deel.") at Paragraph 4. | March 1, 2022, Norman Wee ("Wee"), the declarant referenced by EOS in Fact 4, expressly accepted both the annual purchase commitment and the overall Minimum Volume Commitment and stated that (i) there was no dramas with the split; and (ii) "Awesome! Let's Rock and Roll!!!". |
| | | Signore Decl. ¶ 11, Ex. 2 |
| | FACT 5. During discussions about the terms of the Distribution Agreement, Marc Lamy, the salesperson at Quanergy OldCo., stated to Patrick Cha, CEO of EOS and Norman Wee, Regional Manager at EOS that the contract could be terminated at any time without incurring any damages. | Denied. Plaintiff disputes that any such statement was ever made. Furthermore, Plaintiff disputes that the statements attributed by Wee to Lamy constitute admissible evidence or may be used to contradict the terms of an integrated and unambiguous distributor agreement |
| | Cha Deel. at Paragraphs 3, 4, and 9; Wee Deel. at Paragraph 5. | Signore Decl. Ex. 1 § 15.2. |
| | FACT 6. Plaintiff seeks relief for "loss of prospective profits or anticipated sales" in its claims against EOS. | Denied. It is denied that Defendant accurately quotes or summarizes ¶¶61, 67, 78, 80, 89 and 96 of the Complaint. In ¶61, Plaintiff alleges that "EOS breached the [Distributor] agreement by refusing to adhere to its allegations under the Purchase Order and Agreement and/or by failing to provide reasonable assurance of performance; In ¶71, Plaintiff alleges that EOS' promotion, marketing and sale of Competing Products is causing irreparable harm for which Plaintiff lacks an adequate remedy at law; In ¶78, Plaintiff alleges that by reason of EOS' breaches, Plaintiff sustained general, special and incidental |
| | Exhibit 2 to Park Deel., Plaintiffs Complaint at,¶¶ 61, 71, 78, 80, 89, 96, Prayers for Relief A-G | |

4

| | | damages of not less than $416,898 plus interest and reasonable counsel fees; In ¶80, Plaintiff alleges that by reason of EOS' breaches of the provisions related to Competing Products; Plaintiff suffered and will continue to suffer irreparable injury for which there is not adequate remedy at law; In ¶89, Plaintiff alleges that it suffered and continues to suffer economic losses and other general and specific damages arising from EOS' false statements, representations and assurances; and in Paragraph 96 (which pertains to Plaintiffs' Third Cause of Action for Negligent Misrepresentation), Plaintiff alleges that Plaintiff "has suffered and continue economic losses and other general and specific damages." *See* Complaint Dkt. 1 ¶¶ 61, 71, 78, 80, 89, 96. |
|---|---|---|
| ISSUE 3: EOS RESCINDED ITS OFFER BEFORE PLAINTIFF ACCEPTED EOS' PURCHASE ORDER PI-27275 | FACT 7. The Distribution Agreement states: "Distributor shall purchase Products for resale by issuing a Purchase Order ... Quanergy reserves the right to reject any orders at its sole discretion. Orders are not accepted, until Quanergy sends Distributor a written order of acceptance or actually delivers the ordered Products provided that delivery constitutes acceptance only to the extent Quanergy actually delivers the Products." Exhibit 1 to Park Deel. at Paragraph 3.1 | Admitted in part; Denied in part. Plaintiff admits that Defendant accurately quotes a partial excerpt from Section 3.1 of the Distributor Agreement. Plaintiff denies that Section 3.1 is the only section of the Distributor Agreement that addresses EOS' purchase commitments or the process for the placing and receiving orders, including those required by the Minimum Volume Commitment and the annual Minimum Purchase Commitment during the Initial Term and each Renewal Term. Signore Decl. ¶ 3, Ex. 1, §3.1. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL
FACTS IN OPPOSITION TO DEFENDANT EOS AUSTRALIA
PTY LTD'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 5:23-CV-06228-EKL

| | |
|---|---|
| FACT 8. On September 30, 2022, EOS delivered to Quanergy OldCo purchase order No. PI-27275 (the "Purchase Order" or "PO") via email. This PO was for the purchase of 50 MQ-8 POE-Ultra sensors at a price of $299,598 and 50 perpetual software licenses for the sensors at a price of $117,300 for a total order of $416,898.<br><br>Exhibit 3 to Park Deel.; Ted Ahn Email of 9/30/2022 and Exhibit 4 to Park Deel. PO 27275. | Admitted. |
| FACT 9. Marc Lamy of Quanergy OldCo responded via email: "Received with thanks. We will issue a corresponding SO [Sales Order] which will require a signature due to the quantum…"<br><br>Exhibit 5 to Park Deel. | Admitted. |
| FACT 10. Plaintiff never sent a Sales Order accepting Purchase Order 27275 to EOS.<br><br>Cha Declaration Paragraph 5, 6; Exhibit 6 to Park Deel., Plaintiffs Responses to EOS' Request for Production of Documents Nos. 3-6. | Admitted in part; Denied in part. Plaintiff admits that, to date, no email was found transmitting the Sales Order to EOS. Plaintiff denies that a Sales Order was necessary to accept Purchase Order 27275. The Distributor Agreement, at §3.1 permits acceptance by (i) any "written order of acceptance" or (ii) delivery of Products.<br><br>Signore Decl. ¶ 3, Ex. 1 § 3.1. |
| FACT 11. Sales Order 105248, which was attached as Exhibit C to Plaintiffs Complaint is unsigned by neither Plaintiff, nor EOS.<br><br>Exhibit 2 to Park Deel, Plaintiffs Complaint, Exhibit C; Cha Deel. Paragraphs 5 and 6. | Admitted. |
| FACT 12. Sales Order | Admitted. |

6

| | | |
|---|---|---|
| | 105248, which was attached as Exhibit C to Plaintiffs Complaint states under its "Terms and Conditions" No. 2: "Orders: Company reserves the right to reject any orders at its sole discretion ... Orders are not accepted, until Company sends Purchaser a written order acceptance or actually delivers the ordered Products provided that delivery constitutes acceptance only to the extent Company actually delivers."<br><br>Exhibit 2 to Park Deel, Plaintiffs Complaint, Exhibit C | |
| | FACT 13. On January 16, 2023, EOS emailed Marc Lamy of Quanergy OldCo, and cancelled Purchase Order 27275.<br><br>Exhibit 7 to Park Deel. | Denied.  The date of the email is incorrect.  By email dated January 15, 2023, EOS attempted to cancel Purchase Order 27275.  Furthermore, in the email, EOS admits that Purchase Order 27275 was accepted "across the duration of 16 months."  Plaintiff denies that the email of January 15, 2023 "cancelled purchase Order 27275" or that there was a factually or legally effective cancellation.<br><br>Signore Decl. ¶ 16, Ex. 5. |
| ISSUE 4: THE DISTRIBUTION AGREEMENT IS UNCONSCIONABLE | FACT 14. Distributor Agreement was a nonexclusive agreement in which EOS was required to sign without the opportunity to negotiate any terms if EOS wanted to distribute and resell Plaintiffs Products.<br><br>Cha Decl. Paragraph 8. | Denied.  From approximately April 20, 2021 (the date on which Quanergy OldCo and Eos were introduced to one another) through March 15, 2022 (the date on which EOS entered into a Distributor Agreement with Quanergy OldCO), a period of approximately one year, EOS carefully evaluated Quanergy OldCo's sensors and technology.  By email dated September 9, 2021 (i.e. approximately six months into the evaluation period) EOS advised that after |

| | | extensive testing of Quanergy OldCo's products, "we have made a commercial decision to move forward with being your official distributor in Australia." On September 13, 2021, Quanergy OldCo transmitted, and EOS received a draft Distributor Agreement which contemplated a three (3) year term and some minimum volume commitment (which was left blank and subject to further negotiation prior to finalization of the Distributor Agreement). EOS considered the terms of the Distributor Agreement, including the annual Minimum Purchase Commitments for each of the three (3) years and the aggregate Minimum Volume Commitment for the entire Initial Term, for at least six (6) months prior to the date of execution.

Goldin Decl. Ex. B at 50-62; 62:10-64:20 and Ex. C-2, C-3, C-8, C-9 and C-10. |
| | FACT 15. The Distributor Agreement gives unilateral, one- sided benefits to Plaintiff.<br><br>Exhibit 1 to Park Decl. at Paragraphs 2.2, 2.4., 2.7, 3.5, 4.3, 8.2, 13.1, 15.7, 15.8. | Denied. In addition to becoming an authorized distributor of Quanergy LiDAR technology, EOS (i) was granted the right to hold itself out as an authorized distributor and "channel partner" of Quanergy's advanced technology; (ii) authorized to use the Quanergy marks and logos in connection with its advertising; (iii) was permitted to display Quanergy's products on its website located at url: www.eos.com.au (the "EOS Website"); (iv) received marketing support and access to Marketing Materials and (v) received special and |

8

| | | |
|---|---|---|
| | | discounted pricing including a 35% discount on hardware, a 15% discount on software and the opportunity for further discounts.<br><br>Signore Decl. Ex. 1 §§ 7.1 (Joint Marketing Activities); 7.2 (Trademark License); 7.4 (Marketing Materials), ex. A § 2 (Product Pricing), § 3 (Software Pricing) and § 4 (Additional Discount Request). |
| **CLAIM 2: INTENTIONAL MISREPRESENTATION** | | |
| ISSUE 1: PLAINTIFF'S CLAIM FOR INTENTIONAL MISREPRESENTATION IS BARRED BY THE ECONOMIC LOSS RULE | FACT 16: Plaintiffs claim for intentional misrepresentation arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Deel., Plaintiffs Complaint at Paragraphs 81-89. | Denied. Plaintiff's claim for intentional misrepresentation arises from EOS' (i) false statements in its email of January 15, 2023 representing that EOS would continue to promote and quote Quanergy technology to its systems integrators in the security space when, in fact, it had no intention of doing so; (ii) false statements made to Plaintiff's representatives between February 28, 2023 and March 27, 2023 indicating that EOS intended to continue its business relationship with Plaintiff when, in fact, it had no intention of doing so; and (iii) actively concealing that, during the term of the Distributor Agreement and while EOS was collaborating with Plaintiff, EOS was actually pursuing opportunities with Plaintiff's competitors and going after prospective customer accounts established by reason of the parties' collaboration.<br><br>*See* Complaint at Dkt. 1 ¶¶ 82-90; Signore Decl. ¶¶ 12, 36 and Ex. 14; *See also* Goldin Decl. Ex. B at 190:9- |

| | | 193:3 and Ex. C-25. |
|---|---|---|
| **CLAIM 3: NEGLIGENT MISREPRESENTATION** | | |
| ISSUE 1: PLAINTIFF'S CLAIM FOR NEGLIGENT MISREPRESENTATION IS BARRED BY THE ECONOMIC LOSS RULE | FACT 17: Plaintiffs claim for negligent misrepresentation arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Deel., Plaintiffs Complaint at Paragraphs 91-96. | Denied. Plaintiff's claim for negligent misrepresentation arises from EOS' (i) false statements in its email of January 15, 2023 representing that EOS would continue to promote and quote Quanergy technology to its systems integrators in the security space when, in fact, it had no intention of doing so; (ii) false statements made to Plaintiff's representatives between February [], 2023 and March [ ], 2023 indicating that EOS intended to continue its business relationship with Plaintiff when, in fact, it had no intention of doing so; and (iii) actively concealing that, during the term of the Distributor Agreement and while EOS was collaborating with Plaintiff, EOS was actually pursuing opportunities with Plaintiff's competitors and going after prospective customer accounts established by reason of the parties' collaboration.<br><br>*See* Complaint at Dkt. 1 ¶¶ 92-96; Signore Decl. ¶¶ 12, 36 and Ex. 14; *See also* Goldin Decl. Ex. B at190:9-193:3 and Ex. C-25. |
| **CLAIM 4: UNFAIR COMPETITION LAW** | | |
| ISSUE 1: PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER THE UCL | FACT 18: Plaintiffs claim under the California Unfair Competition Law arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Deel., Plaintiffs Complaint at Paragraphs 97-102. | Denied. Plaintiff's claim under the California Unfair Competition Law arises from claims of unfair competition including, without limitation, EOS: (i) use of knowledge and information regarding Plaintiff's products gained prior to and subsequent to the execution of the Distributor Agreement to unfairly |

10

| | | compete against Plaintiff; (ii) actively concealing that, during the term of the Distributor Agreement and while EOS was collaborating with Plaintiff, EOS was actually pursuing opportunities with Plaintiff's competitors and going after prospective customer accounts established by reason of the parties' collaboration. *See* Complaint at Dkt. 1 ¶¶ 92-96; Signore Decl. ¶¶ 12, 36 and Ex. 14; *See also* Goldin Decl. Ex. B at 190:9-193:3 and Ex. C-25. |
|---|---|---|
| **CLAIM 5: UNJUST ENRICHMENT** | | |
| ISSUE 1: PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER UNJUST ENRICHMENT | FACT 19: Plaintiffs claim under unjust enrichment arises out of EOS's contractual obligations under the Distributor Agreement.<br><br>Exhibit 2 to Park Deel., Plaintiffs Complaint at Paragraphs 103-111. | Denied.  Plaintiff's claim for unjust enrichment is made in the alternative. |

I, Ely Goldin, counsel for Plaintiff Quanergy Solutions Inc. attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

FOX ROTHSCHILD LLP

By: _____
Ely Goldin
Attorneys for Plaintiff, Quanergy
Solutions, Inc.

Dated:  February 14, 2025

11