JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
CHRISTIN KIM (SBN 348256)
christinkim@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:    (415) 364-5540
Facsimile:    (415) 391-4436

ELY GOLDIN
egoldin@foxrothschild.com
FOX ROTHSCHILD LLP
980 Jolly Road, Suite 110
PO Box 3001
Blue Bell, Pennsylvania 19422
Telephone:    610.397.6500
Facsimile:    610.397.0450

Attorneys for Plaintiff
QUANERGY SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANERGY SOLUTIONS, INC. f/k/a ROLISI, LLC, a Delaware corporation,<br><br>Plaintiff,<br>v.<br>EOS AUSTRALIA PTY LTD, an Australian corporation.<br><br>Defendants. | CASE NO. 5:23-CV-06228-EKL<br><br>**PLAINTIFF QUANERGY SOLUTIONS, INC. RESPONSE TO DEFENDANT EOS AUSTRALIA PTY LTD'S OPPOSTION TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT[1]** |

Plaintiff Quanergy Solutions, Inc. f/k/a Rolisi, LLC ("Quanergy"), by and through their attorneys of record, responds to Defendant EOS Australia PTY LTD's Opposition to Plaintiff's Separate Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment as follows:

_____

[1] On February 24, 2025, this case was reassigned from the Hon. Eumi K. Lee to the Hon. Noël Wise and the originally noticed hearing date was cancelled. Dkt. 71. A new hearing date has not yet been noticed

1

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
169390163.3

CASE NO. 5:23-CV-6228-EKL

| CLAIM OR DEFENSE | MOVING PARTY'S UNDISPUTED FACTS & SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE & SUPPORTING EVIDENCE | MOVING PARTY'S REPLY & SUPPORTING EVIDENCE |
|---|---|---|---|
| **CLAIM 1. PARTIAL SUMMARY JUDGMENT ON BREACH OF CONTRACT** | | | |
| **ISSUE 1.** EOS BREACHED THE DISTRIBUTOR AGREEMENT BY FAILING TO MEET THE MINIMUM VOLUME COMMITMENT | **FACT 1.** From approximately April 20, 2021 (the date on which Quanergy OldCo and EOS were introduced to one another) through March 15, 2022 (the date on which EOS entered into a Distributor Agreement with Quanergy OldCO), a period of approximately one year, EOS carefully evaluated Quanergy OldCo's sensors and technology. | Plaintiff does not cite to any factual evidence in support of their contention and EOS objects to Plaintiff's use of the term "carefully evaluated" on basis that it is vague and ambiguous. Accordingly, EOS denies Fact 1. | **FACT 1** should be deemed admitted. EOS' Rule 30(b)(6) designee testified that starting on April 20, 2021 through February 2022, EOS tested and evaluated Quanergy sensors to determine their capabilities. *See*, Dkt. No. 67 at pp. 55-57. The inadvertent failure to include a pinpoint cite is not a license to deny uncontested facts. Had counsel requested the cite in the weeks leading to the response, Quanergy would have happily provided it. |
| | **FACT 2.** By email dated September 9, 2021, EOS advised Quanergy OldCo that "we have made a commercial decision to move forward with EOS being your official distributor in Australia" Goldin Decl. Ex. C-8. | Admitted, however EOS disputes that this is a "material fact" and relevant for purposes of Plaintiff's Motion for Summary Judgment. | **FACT 2** should be deemed admitted. Applicable rules do not permit a materiality qualifier. Furthermore, the fact that EOS voluntarily decided to become a distributor and considered the form agreement for six (6) months is material to |

2

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 5:23-CV-6228-EKL

169390163.3

|  |  |  | EOS' unconscionability defense. |
|---|---|---|---|
|  | **FACT 3.** On September 13, 2021, EOS received a draft Distributor Agreement. Goldin Decl. Ex. C-9. | Admitted |  |
|  | **FACT 4.** By email dated March 1, 2022, Marc Lamy ("Lamy"), an employee of Quanergy OldCo informed EOS' managing director, Norman Wee ("Wee") that Quanergy OldCo would require EOS to order a least $800,000 in products, software and services during the initial three (3) year term "split" as follows: $150,000 during Year 1; $250,000 during Year 2; and $400,000 during Year 3.<br><br>Goldin Decl. Ex. C-13. | Denied. The cited email states as follows: *Yep — I'm going to be asked to put a split of the 800 into 3 year tranches, so I suggest: Yr 1 150 Yr 2 250 Yr 3 400*<br><br>*If that's ok with you. That way it comes out to 800 over the three years. We're looking to get approval this week but apparently our legal is very slow. As we haven't changed anything hopefully it won't be an issue* | While styled as a denial, EOS admits **FACT 4.** As set forth in Ex. C-13 to the Goldin Decl. (Dkt. 67-3, p. 156) on March 1, 2022 Quanergy OldCo proposed an $800,000 minimum volume commitment split into three (3) years to which EOS replied "Awesome! Let's rock and roll!!!" |
|  | **FACT 5**. In his response to the March 1, 2022 email, Wee, on behalf of EOS, advised that (i) EOS was "fine" with the proposal and that there was "no dramas there with the split"; (ii) EOS' marketing team was getting ready for the launch of the parties' relationship; and (iii) marketing would begin as soon as the Distributor Agreement was signed.<br><br>Goldin Decl. Ex. C-13. | Denied. The cited email states as follows:<br><br>*Hey Marc, Yes that's fine, no dramas there with the split. I've got my marketing team getting ready for the launch. Just need the disty paperwork all done and we can start marketing.* | While styled as a denial, EOS admits **FACT 5.** As set forth in Ex. C-13 to the Goldin Decl. (Dkt. 67-3, p. 156) on March 1, 2022 Quanergy OldCo proposed an $800,000 minimum volume commitment split into three (3) years to which EOS replied "Awesome! Let's rock and roll!!!" |
|  | **FACT 6**. On March 1, 2022, EOS confirmed its acceptance of the minimum volume | Denied. The cited email was in response to Marc Lamy's email | While styled as a denial, EOS admits **FACT 6.** As set forth in |

3

| | | | |
|---|---|---|---|
| | commitment, by advising "Awesome! Let's rock and roll!!!"<br><br>Goldin Decl. Ex. C-13. | on March 1, 2022, which stated:<br><br>*Sounds great Normann.* | Ex. C-13 to the Goldin Decl. (Dkt. 67-3, p. 156) on March 1, 2022 Quanergy OldCo proposed an $800,000 minimum volume commitment split into three (3) years to which EOS replied "Awesome! Let's rock and roll!!!" |
| | **FACT 7.** On March 11, 2022, Quanergy OldCo transmitted an updated draft of the Distributor Agreement to EOS, including Exhibit "A" that set forth, *inter alia*, a minimum volume commitment of $800,000 over a three-year period as follows: $150,000 during Year 1; $250,000 during Year 2; and $400,000 during Year 3.<br><br>Goldin Decl. Ex. C-11(A). | Admitted. | |
| | **FACT 8.** By email dated Mach 11, 2022 that accompanied the clean draft of the Distributor Agreement, Quanergy OldCo's employee, Lamy, directed EOS' attention to "Exh. A 6. Term Volume USD$800K & yearly commitments 150/250/400K".<br><br>Goldin Decl. Ex. C-11(A). | Admitted. However, other terms were described in the email as well:<br><br>*In the meantime, please find attached the final version — There should be no changes to what you last saw except to clarify the yearly commits and strike the stock level option. The full list of changes from what was our original template* | **FACT 8** should be deemed admitted. Applicable rules do not permit a qualified admission. |

4

| | | | |
|---|---|---|---|
| | | *last year is:* <br> 1. *Preamble —* <br>    *Distributor details* <br> 2. *4.3 Payment Terms* <br>    *— 30 days net* <br> 3. *Signature block —* <br>    *cleaned up* <br>    *formatting* <br> 4. *Exh. A 1. Term 3* <br>    *years* <br> 5. *Exh. A 6. Term* <br>    *Volume USD800k* <br>    *& yearly* <br>    *commitments* <br>    *150/250/400k* <br> 6. *Exh. A 7. Minimum* <br>    *Stock of 3 months'* <br>    *forecast* <br> 7. *Exh. A 8. Demo* <br>    *unit description* <br>    *and price* <br> 8. *Exh. A 9. Market* <br>    *Segment named as* <br>    *Physical Security* <br> 9. *Exh. A 10* <br>    *Territory named as* <br>    *Australia and New* <br>    *Zealand* | |
| | **FACT 9.** The final Distributor Agreement was executed by EOS on March 15, 2022 and by Quanergy OldCo on March 20, 2022. <br><br> Goldin Decl. Ex. C-12. | Admitted. | |
| | **FACT 10.** EOS did not order products, software or services worth $800,000 between March 15, 2022 and March 15, 2025. <br><br> Signore Decl. ¶¶ 21-28. | Admitted. | |
| | **FACT 11**. Between March 15, 2022 and March 15, 2023 EOS ordered and received Products totaling $32,670 but only paid $21,285. | Denied. The Products that were shipped pursuant to Purchase Order No. PO- 27212, dated September 21, 2022, were defective. EOS attempted to | **FACT 11** should be deemed admitted. The emails referenced in Exhibit B to the Park Declaration (Dkt. |

5

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S          CASE NO. 5:23-CV-6228-EKL
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

169390163.3

| | | | |
|---|---|---|---|
| | Signore Decl. ¶¶ 21-28. | return the Products but was denied by Plaintiff.<br><br>See Exhibit B to Declaration of B. Christine Park, Esq. | 75-2 pp.1-12) admit that in addition to other actionable conduct, EOS failed to pay for Order 27212 in the amount of $11,385 placed on September 21, 2022.  There is no evidence of any product defect in Exhibit B.  Rather, Exhibit B shows that *nine months* after receiving the products, EOS tried to return them after Quanergy followed up on the open balance. *See,* Dkt. No. 7502 at pp. 9-10. |
| | **FACT 12.** Between March 15, 2023 and March 15, 2024 EOS ordered and received Products totaling $0.<br><br>Signore Decl. ¶¶ 21-28. | Admitted. | |
| | FACT 13. Between March 15, 2024 and March 15, 2025 EOS ordered and received Products totaling $0.<br><br>Signore Decl. ¶¶ 21-28. | Admitted. | |
| **ISSUE 2**. EOS BREACHED THE DISTRIBUTOR AGREMENT BY MARKETING, PROMOTING AND ADVERTISING COMPETING | **FACT 14.** Section 2.4 of the Distributor Agreement prohibits EOS from selling, marketing, advertising and promoting competing products during the term and for a period of six | Admitted. | |

6

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S    CASE NO. 5:23-CV-6228-EKL
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

169390163.3

| PRODUCTS CONTRARY TO SECTION 2.4 | months after expiration or termination of the Distributor Agreement, whichever is sooner.<br><br>Goldin Decl. Ex. C-12, § 2.4 | | |
|---|---|---|---|
| | **FACT 15.** By email dated March 27, 2023, EOS advised Arun Lakshmanan, a representative of Amazon Web Services Australia (AWS-AU) that EOS had "access now to Velodyne and Ouster sensors and their software suite."<br><br>Goldin Decl. Ex. C-25. | Admitted. | |
| | **FACT 16.** The email dated March 27, 2023 related to the same business opportunity that EOS pursued during its relationship with Quanergy OldCo.<br><br>Goldin Decl. Ex. B at 192:5- 193:3. | Admitted. | |
| | **FACT 17.** EOS never informed Plaintiff or Quanergy OldCo that it was going to contact AWS-AU about the same opportunity.<br><br>Goldin Decl. Ex. B at 192:5- 193:3. | Admitted. | |
| | **FACT 18.** On August 30, 2023, EOS entered into a distribution agreement with Ouster.<br><br>Goldin Decl. Ex. B at 209:8-210:8; Ex. C-29. | Admitted. | |
| | **FACT 19.** EOS received the cease and desist correspondence dated November 7, 2023 sent by Plaintiff's counsel. | Admitted. | |

7

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 5:23-CV-6228-EKL

169390163.3

| | | | |
|---|---|---|---|
| | Goldin Decl. Ex. B at 240:21- 240:5; Ex. C-26. | | |
| | **FACT 20**. As of November 7, 2023, EOS displayed competing products on its website located at URL: www.eos.com.au.<br><br>Goldin Decl. Ex. B at 240:21- 240:5; Ex. C- 26. | Admitted. | |
| | **FACT 21.** Since November 7, 2023, EOS continued to display competing products on its website located at URL: www.eos.com.au.<br><br>Goldin Decl. Ex. B at 240:21- 240:5; Ex. C-26.<br><br>Signore Decl. ¶¶ 33-35 at Ex. 23 and Ex. 13. | Admitted. | |
| | FACT 22. On February 11, 2024, after receipt of Plaintiffs' ~~case~~ cease and desist letter dated November 7, 2023, EOS entered into a Master Reseller Agreement with Ouster in the territory of Australia and New Zealand.<br><br>Goldin Decl. Ex. B at 230:18- 232:16; Ex. C-30. | Admitted. | |
| **AFFIRMATIVE DEFENSES** | | | |
| **ISSUE 1.** EOS FAILED TO DEVELOP ADMISSIBLE EVIDENCE IN SUPPORT OF ITS AFFIRMATIVE DEFENSE | **FACT 23.** In its Answer, Defendant asserts the following affirmative defenses related to Plaintiff's claims for breach of contract: (1) Failure to State a Cause of Action; (2) Null or Voidable Contract (including that the contract was entered into through mistake or manipulation); | Admitted. | |

8

| | | | |
|---|---|---|---|
| (3) Rescission of Contract (Distributor Agreement); (4) Rescission of Contract (Purchase Order 27275); (5) Unconscionable Contract; (6) Fraud by the Inducement; (9) Estoppel and Waiver; (13) Equitable Indemnity and (17) No Duty (the "Contract Defenses"). Goldin Decl. ¶ 7. | | | |
| | **FACT 24.** There is no admissible evidence in the summary judgment record supporting the Contract Defenses.<br><br>Goldin Decl. ¶ 8. | Objection. Plaintiff cites its legal counsel's self-serving declaration which solely consists of legal conclusion/argument. Subject to and without waiver of objection, EOS denies Fact 24.<br><br>*See* EOS's Separate Statement of Undisputed Material Facts in support of its Motion for Summary Judgment, Nos. 1-15. | **FACT 24** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) ***and all twenty-two of Defendant's affirmative defenses***". *See,* Dkt. No. 64 at p.1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Contract Defenses. Furthermore, Facts 1 through 15 of Dkt. No. 74 point to no admissible evidence establishing that the Agreement is null, voidable, rescindable, |

9

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S          CASE NO. 5:23-CV-6228-EKL
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

169390163.3

| | | | fraudulent, unconscionable, or subject to some rights of indemnity. |
|---|---|---|---|
| **ISSUE 2.** EOS FAILED TO DEVELOP ADMISSIBLE EVIDENCE IN SUPPORT OF ITS AFFIRMATIVE DEFENSE | **FACT 25.** In its Answer, Defendant asserts the following affirmative defenses related to Plaintiff's claims for fraud and/or negligent misrepresentation: (1) Failure to State a Cause of Action; (7) Unreasonable Reliance; (8) Knowledge of Falsity, (17) No Duty (the "Tort Defenses"). Goldin Decl. ¶ 9. | Objection. Fact 25 is irrelevant. Plaintiff has only moved for summary judgment as to its breach of contract claim. Accordingly, EOS is not obligated to present evidence in support of its affirmative defenses as to Plaintiff's other claims and expressly reserves its right to present its affirmative defenses at the time of trial. *Aardwolf Indus., LLC v. Abaco Machs. United States, Inc.* (C.D.Cal. Nov. 13, 2017, No. CV 16-1968-GW(JEMx)) 2017 U.S.Dist.LEXIS 222669; *United States v. Westreich* (C.D.Cal. Mar. 14, 2024, No. 2:21-cv-09013-SSS-SKx) 2024 U.S.Dist.LEXIS 49754, at *7- 8 | **FACT 25** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) ***and all twenty-two of Defendant's affirmative defenses***". *See,* Dkt. 64 at p.1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Tort Defenses. |
| | FACT 26. There is no admissible evidence in the summary judgment record supporting the Tort Defenses. Goldin Decl. ¶ 10. | Objection. Plaintiff cites its legal counsel's self-serving declaration which solely consists of legal conclusion/argument. | **FACT 26** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) ***and all twenty-two of Defendant's affirmative defenses***". *See,* |

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S    CASE NO. 5:23-CV-6228-EKL
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

169390163.3

| | | | |
|---|---|---|---|
| | | | Dkt. 64 at p.1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Tort Defenses. |
| **ISSUE 3.** EOS FAILED TO DEVELOP ADMISSIBLE EVIDENCE IN SUPPORT OF ITS AFFIRMATIVE DEFENSE | **FACT 27.** In its Answer, Defendant asserts the following affirmative defenses related to Plaintiff's claims for equitable relief: (9) Equitable Doctrine of Estoppel, Waiver and Laches; (11) Unclean Hands; and (13) Equitable Indemnity (the "Equitable Defenses")<br><br>Goldin Decl. ¶ 11. | Objection. Fact 27 is irrelevant. Plaintiff has only moved for summary judgment as to its breach of contract claim. Accordingly, EOS is not obligated to present evidence in support of its affirmative defenses as to Plaintiff's other claims and expressly reserves its right to present its affirmative defenses at the time of trial. *Aardwolf Indus., LLC v. Abaco Machs. United States, Inc.* (C.D.Cal. Nov. 13, 2017, No. CV 16-1968-GW(JEMx)) 2017 U.S.Dist.LEXIS 222669; *United States v. Westreich* (C.D.Cal. Mar. 14, 2024, No. 2:21-cv-09013-SSS-SKx) 2024 U.S.Dist.LEXIS 49754, at *7- 8 | **FACT 27** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) and ***all twenty-two of Defendant's affirmative defenses***". *See,* Dkt. 64 at p.1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Equitable Defenses. |
| | **FACT 28.** There is no admissible evidence in the summary judgment record supporting the Equitable Defenses.<br><br>Goldin Decl. ¶ 12. | Objection. Plaintiff cites its legal counsel's self-serving declaration which solely consists of legal conclusion/argument. | **FACT 28** should be deemed admitted because Quanergy crossed-moved moved for summary |

11

| | | | |
|---|---|---|---|
| | | | judgment on "its breach of contract claim (Count I) and ***all twenty-two of Defendant's affirmative defenses***". *See,* Dkt. 64 at p.1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Equitable Defenses. |
| | **FACT 29**. In its Answer, Defendant asserts the following affirmative defenses related to Plaintiffs' claims for Fraud and/or Negligent Misrepresentation: (1) Failure to State a Cause of Action; (7) Unreasonable Reliance; (8) Knowledge of Falsity, (9) No Duty (the "Misrepresentation Defenses"). Goldin Decl. ¶13. | Objection. Fact 29 is irrelevant. Plaintiff has only moved for summary judgment as to its breach of contract claim. Accordingly, EOS is not obligated to present evidence in support of its affirmative defenses as to Plaintiff's other claims and expressly reserves its right to present its affirmative defenses at the time of trial. Aardwolf Indus., LLC v. Abaco Machs. United States, Inc. (C.D.Cal. Nov. 13, 2017, No. CV 16-1968-GW(JEMx)) 2017 U.S.Dist.LEXIS 222669; United States v. Westreich (C.D.Cal. Mar. 14, 2024, No. 2:21-cv-09013-SSS-SKx) 2024 | **FACT 29** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) and ***all twenty-two of Defendant's affirmative defenses***". *See,* Dkt. 64 at p.1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Misrepresentation Defenses. |

12

| | | | |
|---|---|---|---|
| | | U.S.Dist.LEXIS 49754, at *7- 8 | |
| | **FACT 30.** There is no admissible evidence in the summary judgment record supporting the Misrepresentation Defenses.<br><br>Goldin Decl. ¶ 14. | Objection. Plaintiff cites its legal counsel's self-serving declaration which solely consists of legal conclusion/argument. | **FACT 30** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) and *all twenty-two of Defendant's affirmative defenses*". *See,* Dkt. 64 at p. 1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Misrepresentation Defenses. |
| | **FACT 31.** In its Answer, Defendant asserts the following affirmative defenses related to Plaintiff's for damages: (10) Failure to Mitigate; (12) Superseding and Intervening Cause; (14) Contributory or Comparative Fault; (15) Apportionment; (16) Offset; (18) Willful Misconduct; (19) No Punitive Damages; (21) No Attorney's Fees; and (23) No Damages Suffered (the "Damages Defenses")<br><br>Goldin Decl. ¶ 15 | Objection. Fact 31 is irrelevant. Plaintiff has only moved for summary judgment as to its breach of contract claim. Accordingly, EOS is not obligated to present evidence in support of its affirmative defenses as to Plaintiff's other claims and expressly reserves its right to present its affirmative defenses at the time of trial. *Aardwolf Indus., LLC v. Abaco Machs. United States, Inc.* (C.D.Cal. Nov. 13, 2017, No. CV 16- | **FACT 31** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) and *all twenty-two of Defendant's affirmative defenses*". *See,* Dkt. 64 at p. 1. EOS, as the party with the burden of proof as to its affirmative defenses, failed |

13

| | | 1968-GW(JEMx)) 2017 U.S.Dist.LEXIS 222669; *United States v. Westreich* (C.D.Cal. Mar. 14, 2024, No. 2:21-cv-09013-SSS-SKx) 2024 U.S.Dist.LEXIS 49754, at *7- 8 | to come forwards with admissible evidence substantiating any of its Damages Defenses. |
|---|---|---|---|
| | **FACT 32.** There is no admissible evidence in the summary judgment record supporting the Damages Defenses.<br><br>Goldin Decl. ¶ 16. | Objection. Plaintiff cites its legal counsel's self-serving declaration which solely consists of legal conclusion/argument. | **FACT 32** should be deemed admitted because Quanergy crossed-moved moved for summary judgment on "its breach of contract claim (Count I) and ***all twenty-two of Defendant's affirmative defenses***". *See,* Dkt. 64 at p.1. EOS, as the party with the burden of proof as to its affirmative defenses, failed to come forwards with admissible evidence substantiating any of its Damages Defenses. |

| EOS'S ADDITIONAL UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT | | | |
|---|---|---|---|
| | **OPPOSING PARTY'S UNDISPUTED FACTS & SUPPORTING EVIDENCE** | **MOVING PARTY'S RESPONSE & SUPPORTING EVIDENCE** | |
| **ISSUE 1:** PLAINTIFF CANNOT ESTABLISH THAT IT HAS SUSTAINED | **FACT NO. 33**. Plaintiff claims that it is entitled to approximately $2M in lost profits based on projected sales opportunities that were forecasted by EOS. | Quanergy denies **FACT 33** because Exhibit "B" to the Park Declaration is a series of emails between September 22, 2022 and | |

14

| DAMAGES AS A RESULT OF EOS'S ALLEGED BREACH OF CONTRACT | Deposition of Enzo Signore ("Signore Decl.") (Attached as Exhibit B to the Declaration of B. Christine Park, Esq. ["Park Decl.']) at pg. 140:10-146:13. | December 8, 2023 pertaining primarily to **FACT 11** not the deposition of Enzo Signore, which is Exhibit "C" (not B). However, with respect to the actual deposition, Quanergy disputes the assertion made by EOS. At pp. 140-10-146:13 Mr. Signore explained the costs of production. He also testified to the sales pipeline of prospective customers that Quanergy and EOS jointly developed. The former relates to claims for breach of the Minimum Volume Commitment during the Initial Term and Renewal Term. The latter relates to claims for unfair competition. *See,* Second Declaration of Enzo Signore at ¶¶ 3-16, 24-32. | |
| | **FACT NO. 34**. EOS has not sold any competing LiDar sensors to any of its customers.<br><br>Exh. D to Park Decl. | Denied. On August 31, 2023 EOS entered into a Distributor Agreement with Ouster, a competitor. On February 11, 2024, EOS entered into a Master Reseller Agreement with Ouster, a competitor, the effect of which was to expand the scope of EOS' role. On October 2, 2023, EOS announced a partnership with Hexagon, a competitor. EOS' financial statements | |

15

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 5:23-cv-6228-EKL

169390163.3

| | | | |
|---|---|---|---|
| | | show a sharp expenditure of cash and a corresponding sharp increase in inventory during this period.  Furthermore, documents just recently produced by EOS in response to discovery orders show very substantial sales activity targeting accounts jointly developed by EOS and Quanergy pursuant to the Distributor Agreement.  Without question, EOS is advertising and promoting competing products.  Furthermore, it may be reasonably inferred from the facts that EOS is, in fact, selling competing products and is hiding evidence.<br><br>*See,* Second Declaration of Enzo Signore at ¶¶ 3-16. | |
| | **FACT NO. 35**. Plaintiff has entered into agreements with other distributors for the sale of its Products in Australia and New Zealand.<br><br>Signore Decl. (Exh. B to Park Decl.) at 212:9-217:23. | Quanergy disputes **FACT 35** because Exhibit "B" to the Park Declaration is a series of emails between September 22, 2022 and December 8, 2023 pertaining primarily to **FACT 11** not the deposition of Enzo Signore, which is Exhibit "C" (not B).  However, with respect to the actual deposition, Quanergy disputes the assertion made by EOS. Dkt. 75-3 at pp. 212:9-217:23 Mr. Signore testified that that | |

16

| | | | |
|---|---|---|---|
| | | Quanergy has agreements with global vendors that *do business in Australia*. (Dkt. 75-3 at p. 212:9 – 212:22). Furthermore, Mr. Signore testified that Quanergy is talking to "*other potential partners*" (*Id.* at p. 212:24). Mr. Signore did not testify that Quanergy entered into agreements for the sale of its products *in Australia and New Zealand*. | |
| | **FACT NO. 36**. Plaintiff was able to sell its Products that were originally earmarked for EOS to another company for "a similar price." Signore Decl. (Exh. B to Park Decl.) at 131:4-133:19. | Disputed.  The witness testified that Quanergy used the sensors for sales to other customers.  The witness guessed that Quanergy "most likely" "would have charged a similar price".  *See,* Dkt. 75-3 at pp. 133.  *See also,* Brief at §IIIA discussing the lost volume theory of damages. | |

Dated: March 14, 2025

Respectfully submitted,

By: *Ely Goldin*

JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
CHRISTIN KIM (SBN 348256)
christinkim@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200 San Francisco, California 94104

ELY GOLDIN (*pro hac vice forthcoming*)
egoldin@foxrothschild.com
FOX ROTHSCHILD LLP

17

PLAINTIFF'S RESP. TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

CASE NO. 5:23-CV-6228-EKL

169390163.3

980 Jolly Road, Suite 110
P.O. Box 3001
Blue Bell, PA 19422

18

## CERTIFICATE OF SERVICE

1.    I am at least age 18 and not a party to this action.

2.    On 3/14/2025, I served the copies of the following documents on the named person and addresses as indicated below:

Documents served:

**PLAINTIFF QUANERGY SOLUTIONS, INC. RESPONSE TO DEFENDANT EOS AUSTRALIA PTY LTD'S OPPOSTION TO PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

3.    I caused the document noted above to be served via:

E-Service for parties that are e-Service participants. Service is being made electronically on those parties on the Service List below that are registered users of the Court's Electronic Case Filing System.

Email delivery/E-Service at the addresses indicated on the Service List below.

4.    I declared under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Dated: March 14, 2025                         *Ely Goldin*
                                          Signature of Declarant

## SERVICE LIST

B. CHRISTINE PARK (#234689)
JKLAWUSA, APC
3435 Wilshire Blvd., Suite 400
Los Angeles, CA 90010
Tel.: (323) 578-6957
Facsimile: (213) 289-1977
Email: boksoonpark@gmail.com

19

CERTIFICATE OF SERVICE                              CASE NO. 5:23-cv-6228-EKL